JOHN D. CASEY, Admr., Defendant in Error, *vs.* THE CHICAGO RAILWAYS COMPANY, Plaintiff in Error.

*Opinion filed October 27, 1915.*

1. NEGLIGENCE—*when proof of habitual caution tends to raise presumption of due care.* In an action against a street railway company to recover damages for the alleged negligent killing of a boy about nine years old, if there were no eye-witnesses to the accident and no facts susceptible of proof to show how the fatality occurred, proof that the deceased was habitually prudent and cautious tends to raise a presumption that he was in the exercise of due care and caution for his safety at the time of the accident and justifies the submission of that question to the jury.

2. SAME—*there must be some evidence tending to show negligence by the defendant.* The mere facts that a boy was killed by a street car under circumstances which are unknown to anyone, and that proof is made that the boy was habitually prudent and cautious, do not authorize a recovery of damages from the street car company, where there is no evidence tending to show that the company was in any manner guilty of negligence.

FARMER, C. J., dissenting.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN P. McGOORTY, Judge, presiding.

J. R. GUILLIAMS, FRANK L. KRIETE, and CHARLES L. MAHONY, (W. W. GURLEY, of counsel,) for plaintiff in error.

CRUICE & LANGILLE, (DANIEL L. CRUICE, of counsel,) for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

Solomon Morris, a boy eight years and eleven months of age, was found dead upon West Twelfth street, in the city of Chicago, on the night of October 10, 1911, supposedly having been killed by one of the street cars of the Chicago Railways Company. John D. Casey, administrator of the estate of Solomon Morris, secured a judgment for $2500 against the Chicago Railways Company for the death of his intestate, in the circuit court of Cook county. This judgment was affirmed by the Appellate Court for the First District, and the record of that court has been brought here for review by writ of *certiorari*.

At the close of defendant in error's case, and again at the conclusion of the whole case, the court overruled the motion of plaintiff in error for a directed verdict, and this action of the court is assigned as error.

The declaration contained eight counts. The first, second, third and sixth counts charged, generally, that the defendant carelessly and negligently drove and propelled its car so that it caused the death of Solomon Morris. The fourth count charged that the car was negligently operated at a high, rapid and excessive rate of speed, causing the fatality. The fifth count charged the negligence to consist of the failure of the defendant to keep a proper lookout, and the seventh and eighth counts that defendant failed to comply with the provision of an ordinance of the city of Chicago requiring street cars to be operated at night with brightly lit headlights from the front end of each car.

There were no eye-witnesses, and no witness testified either to what the motorman of the car in question or defendant in error's intestate did, or what either failed to do, prior to or at the time of the occurrence. The body of the deceased was found near the intersection of Lin-. coln and West Twelfth streets. West Twelfth street, in this section of the city, is an unusually wide street. On the north side of the street, south of the sidewalk, is a paved driveway. Along the south side of this pavement is the west-bound track of the Chicago Railways Company. Immediately south of the track is a parkway, in which are planted small trees and shrubbery. South of the parkway is a broad driveway or boulevard. South of the boulevard is another parkway, and south of that parkway is another. paved driveway, on which is located the east-bound track of the Chicago Railways Company. The south rail of the west-bound track of the street railway is located about two or three feet north of the north edge of the parkway. Lincoln street is a north and south street intersecting West Twelfth street. The first street east of Lincoln street which intersects West Twelfth street is Wood street. There is a long block between Lincoln and Wood streets, and in the middle of this block there is a break in the two parkways sufficient to enable teams to drive from the boulevard onto the pavements wherein the street car tracks are located, but the evidence discloses that there is no sidewalk crossing at this break in the parkways for the use of pedestrians. The next street east of Wood street which intersects West Twelfth street is Paulina street. The first street south from West Twelfth street is Washburn avenue, which runs east and west. The deceased lived with his parents on Washburn avenue, near the corner of that avenue and Wood street. He left his home on the evening in question about eight o'clock, in company with his sister. They went on Washburn avenue to Wood street and from Wood

street to the southeast corner of Wood and Twelfth streets, where the deceased stopped and entered into a game with some little boys of his acquaintance.  His sister remained with them until about 8:30 o'clock, when she returned home.  After she left, deceased went with one of the boys with whom he had been playing to the northeast corner of Paulina and Twelfth streets, where they remained for a few minutes.  The boy who accompanied the deceased then went into a moving picture theatre located there, and that is the last time anyone saw the deceased alive.  His body was found near the intersection of Lincoln and Twelfth streets, about two blocks west of where he was last seen alive.  From the condition of the south rail of the west-bound track it was evident that the body had been dragged from a point near the break in the parkway, in the middle of the block between Lincoln and Wood streets, to a point beyond the intersection of Lincoln and Twelfth streets.  The body was found about 11:00 o'clock that evening, and upon the matter being reported to the offices of the Railways Company an examination of the Twelfth street cars was made as they came into the barn, and the only car which showed any evidence of having come in contact with any body on that evening was car No. 4297.  This was a small car, known as a single-truck car.  Around the truck is built a guard-rail.  Upon the guard-rail, on the side of the car which would be next the parkway as it traveled west on West Twelfth street, and upon the brake-shoe on that side of the car, blood and some particles of flesh were found.  The records of the company, together with the testimony of the motorman of this car, disclosed that this car passed Wood and Lincoln streets on the night in question about 9:40 o'clock, and if this is the car which caused the death of the deceased he was killed at that time, as on the next trip the car was blocked at that point about 11:00 o'clock as the result of the previous finding of the body.

There being no eye-witnesses and no facts susceptible of being proven which would in any way disclose how the fatality occurred, defendant in error proved the habits of the deceased as to care, caution and prudence, as tending to raise the presumption that he was in the exercise of due care and caution for his own safety at the time he was killed. Plaintiff in error contends that this proof was not sufficient to show that deceased was in the exercise of ordinary care for his own safety, and insists that mere proof of the habits of the deceased, without proof of other circumstances upon which to predicate care in the particular case under investigation, is not sufficient to establish the exercise of ordinary care. It was necessary for defendant in error to allege and prove that his decedent was in the exercise of due care and caution for his own safety at the time of the accident. In cases where there are no eye-witnesses to the occurrence this allegation cannot be proven by direct testimony, but it still devolves upon the parties seeking recovery to establish the exercise of ordinary care on the part of the deceased by the highest proof of which the case is capable. (*Collison* v. *Illinois Central Railroad Co.* 239 Ill. 532; *Stollery* v. *Cicero and Proviso Street Railway Co.* 243 id. 290; *Newell* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 261 id. 505.) The highest proof of which the case is capable may consist of other circumstances than the habits of the deceased which would tend to raise the presumption that the deceased was in the exercise of due care and caution at the time for his own safety. Where it is possible, such circumstances must be shown. The absence of such circumstances does not preclude a plaintiff, however, and if the case is not susceptible of any higher proof, then the presumption that the deceased was in the exercise of ordinary care and caution for his own safety at the time of the accident is sufficiently raised by proof that he was habitually careful, prudent and cautious in his conduct. If the deceased was habitually

prudent, careful and cautious it tended to raise the presumption that he was in the exercise of due care and caution at the time he received the injury which resulted in his death. (*Chicago, Rock Island and Pacific Railway Co. v. Clark,* 108 Ill. 113; *Toledo, St. Louis and Kansas City Railroad Co. v. Bailey,* 145 id. 159.) As the proof made relative to the habits of the deceased tended to raise this presumption it was sufficient to go to the jury.

Another allegation in the declaration, and one which it was necessary for defendant in error to prove, was that the death was caused by reason of the negligence of plaintiff in error. No proof whatever was made of the negligence alleged in the declaration. The motorman and conductor of car No. 4297, which it is contended killed the boy, were placed upon the stand by the defendant in error. The motorman testified that on the trip in which he passed Wood and Lincoln streets at about 9:40 o'clock he did not notice any boy or anyone on or near the track and did not observe that his car struck or ran over any object whatever. The conductor testified that he felt no unusual movement of the car which would indicate that the car had run over anyone. The motorman testified that in his judgment he was running at the rate of about seven or eight miles an hour when he crossed these streets on that trip, although he did not claim to have any positive or distinct recollection of the rate of speed. There was no direct proof and no facts proven from which it could be inferred that plaintiff in error was in anywise negligent or that this fatality was the result of any negligence on its part. The mere fact that the boy was killed does not impute negligence to plaintiff in error, and it does not follow, in the absence of eye-witnesses or any direct proof as to the occurrence, that plaintiff in error was negligent merely because proof on the part of defendant in error tended to raise the presumption that the deceased was in the exercise of due care and caution for his own safety. The person killed might be in

the exercise of due care and caution for his own safety and still the death be the result of an accident for which no one is to blame.

Because of the failure of defendant in error to make any proof tending to show negligence on the part of the plaintiff in error the court erred in refusing to give the peremptory instruction as requested by plaintiff in error.

Complaint is made of the refusal of the court to give an instruction designated as defendant's instruction 25. This instruction was properly refused as it was not based on any evidence in the case.

For the reason indicated, the judgments of the Appellate and circuit courts are reversed and the cause is remanded to the circuit court for a new trial.

*Reversed and remanded.*

Mr. CHIEF JUSTICE FARMER, dissenting.