THIRD DISTRICT—JANUARY, 1923.     125

Hazel v. Hoopeston-Danville Motor Bus Co., 229 Ill. App. 125.

## Charles E. Hazel, Administrator of the Estate of Deloia Hazel, Deceased, Appellee, v. Hoopeston-Danville Motor Bus Company, Appellant.

DEATH BY WRONGFUL ACT—*contributory negligence of next of kin as defense.* The contributory negligence of the husband of decedent in operating the motor car in which decedent was riding at the time of the fatal accident is a bar to recovery in a suit by the husband as personal representative for the benefit of himself and adult children for the death of his wife by the wrongful act of defendant in not dimming the lights on its motor bus as it approached the car driven by the husband in which decedent was riding as a passenger, where the evidence shows that although the husband was so dazzled and blinded by the lights of the bus that he could not see a heavily-loaded wagon in the highway in front of him, he was driving his own car so fast on a much-traveled highway that, with the clutch released and the brakes set, his car struck the wagon so hard as to almost demolish his car, throw the driver from the wagon and under the automobile and that the automobile then traversed 34 or 35 feet before it stopped.

Appeal by defendant from the Circuit Court of Vermilion county; the Hon. JOHN H. MARSHALL, Judge, presiding. Heard in this court at the October term, 1922. Reversed with finding of facts. Opinion filed January 17, 1923.

BROWN, HAY & STEPHENS and WILBUR R. WICKS, for appellant.

L. T. ALLEN and GRAHAM & DYSERT, for appellee; L. T. ALLEN and THOMAS A. GRAHAM, of counsel.

MR. JUSTICE HEARD delivered the opinion of the court.

Appellant is a corporation engaged in operating a motor bus on the Dixie highway, a State through route, running from Chicago south through Danville. Charles E. Hazel is a farmer residing near Danville and as administrator of his deceased wife's estate recovered a judgment for $8,000 against appellant for damages alleged to have been occasioned by the negli-

gence of one of appellant's servants in the operation of a motor bus upon its line, from which judgment this appeal is taken.

The declaration consisted of counts in which the negligence alleged against appellant was an omission or failure to dim or extinguish the headlights upon the motor bus in violation of the State Motor Vehicle Act and that by reason thereof the driver of the automobile in which decedent was riding was blinded and prevented from seeing a lumber wagon a short distance ahead of the automobile and that by reason thereof the automobile crashed into the lumber wagon, killing decedent, while in the exercise of ordinary care for her own safety, and a common-law count which alleged that while the decedent was in the exercise of ordinary care for her own safety, appellant's servants then and there carelessly and negligently failed to dim or extinguish the headlights on said motor bus, which the exercise of ordinary care in the operation of said bus required, and by reason thereof the said motor bus and said automobile approached each other going in opposite directions, in the nighttime, and the person driving said automobile in which the decedent was riding was blinded and prevented from seeing a wagon loaded with lumber, going in the same direction with the decedent, and by reason thereof said automobile in which the decedent was riding crashed into said lumber wagon and the decedent was then and there killed by reason of the negligence of the defendant aforesaid.

On January 9, 1922, Charles E. Hazel started from Hoopeston for Danville, driving a Dodge touring car. His wife, Deloia Hazel, was sitting on his righthand side in the front seat. They left Hoopeston at about 4:15 p. m. It is about 26 or 27 miles from Hoopeston to Danville, the road running almost due north and south all the way. At a point 5 or 6 miles north of Danville there is a slight turn to the southwest known

as "White's corner." In front of Hazel's car, and proceeding in a southerly direction on the Dixie highway, were two lumber wagons loaded with 600 or 700 feet of bride lumber 16 feet long and 2½ inches thick and from 6 to 10 inches wide.

At 5 p. m. on the same day, the motor bus of appellant left Danville for Hoopeston, traveling north on the Dixie highway at a rate of about 22 or 23 miles per hour. When the motor bus had reached a point about 40 rods north of White's corner, at a time when the motor bus and Hazel's car were almost opposite each other, the latter crashed into the rearmost of the two lumber wagons, killing Hazel's wife instantly. It is conceded by both parties that the accident happened less than one hour after sunset.

It is claimed by appellant that Charles E. Hazel, the husband of decedent and one of the beneficiaries in the suit, in driving the automobile at the time in question, was guilty of negligence which contributed to bring about the accident and that therefore there can be no recovery in this suit. On the other hand, it is contended by appellee that the negligence of the husband or driver cannot be imputed to the wife where the evidence shows she had nothing whatever to do with the management or operation of the car.

We think that the law is well settled in this State that in an action brought by a wife for personal injuries received by her while riding in an automobile driven by her husband, where she has nothing to do with its operation and management, while the law requires that she, herself, must exercise ordinary care for her own safety and cannot rely upon someone else to exercise it for her, the negligence of the husband or driver cannot be imputed to the wife.

Before the appellee could recover it was necessary to prove that the deceased was in the exercise of ordinary care for her own safety, and she was not relieved from that duty because she was riding in an automo-

128 APPELLATE COURTS OF ILLINOIS.

Hazel v. Hoopeston-Danville Motor Bus Co., 229 Ill. App. 125.

bile. (*Opp v. Pryor*, 294 Ill. 538.) Where a passenger in an automobile has an opportunity to learn of danger and avoid it, it is his duty to warn the driver of the automobile of such danger. The passenger has no right, because someone else is driving the automobile, to omit reasonable and prudent efforts on his part to avoid danger. (*Pienta v. Chicago City Ry. Co.*, 284 Ill. 246.) On the other hand, if the passenger does exercise ordinary care for his own safety, any negligence of the driver cannot be imputed to the passenger. (*Eckels v. Muttschall*, 230 Ill. 462; *Nonn v. Chicago City Ry. Co.*, 232 Ill. 378.)

This, however, is not a suit brought by the wife to recover damages sustained by her, but is a suit brought under the statute by the husband, as administrator, against appellant where a different rule applies, the husband being one of the persons for whose benefit the suit was brought. This distinction was first drawn in this State in *Chicago City Ry. Co. v. Wilcox*, 138 Ill. 370, which was a suit brought by a minor, by his next friend, for personal injuries and it was sought to impute negligence of the parents to the minor and after a full discussion of the authorities the court distinguished between a suit brought by a person for personal injury to himself and a suit brought under the statute by an administrator for the benefit of the next kin of a person whose death had been wrongfully caused.

In *Ohnesorge v. Chicago City Ry. Co.*, 259 Ill. 424, it was contended that the statute gave a right of action in case of death in all cases when the injured party might have maintained an action for the injury had death not resulted. After a full résumé of the authorities in this and many other States on this question, the court said: "The right to maintain an action by one who without his fault has suffered a personal injury through the negligence or wrongful act of another has always existed wherever the common law

of England was in force. This right is not created by the legislature and our statute on injuries has nothing to do with it. Under the common law an action for personal injury did not survive the death of the person injured, and prior to the Survival Act of 1872 it was the law of this State that an action for damages for personal injury abated with the death of the injured party in all cases where the death was not the result of the injury. (*Holton v. Daly,* 106 Ill. 131.) In 1853 the legislature passed an act, which has been in force ever since, requiring compensation for causing death by wrongful act, neglect or default, and providing that suit therefor should be brought in the name of the personal representative for the benefit of the widow and next of kin. This statute was not a survival statute. It did not continue to the personal representative the cause of action that the injured party had under the common law, but it created a new and independent cause of action never before that time recognized as existing in this State. The cause of action brought by the personal representative was not intended to permit the widow and next of kin to recover for the pain and suffering of the deceased or for medical attendance and other expenses incurred in and about being healed of the injury. It was not designed by the legislature to give damages for any injury received by the deceased, but to create a cause of action in the name of the administrator for the pecuniary loss which the widow and next of kin may have sustained by reason of the death of the injured person, and the damages, when collected, were distributed, under the statute, to the widow and next of kin according to the rules for the distribution of personal property of persons dying intestate. The funds arising from this source were not a part of the estate of the deceased and had never been held to be liable to the claims of creditors. The action is for the sole benefit of the widow and next of kin, and is given to compensate

them for the pecuniary loss sustained by the death of the husband or relative. (*Chicago & R. I. R. Co. v. Morris,* 26 Ill. 400.) Since the passage of the amendment to section 123 of the act on administration of estates, approved April 1, 1872 [Cahill's Ill. St. ch. 3, ¶ 125], 'actions to recover damages for an injury to the person, except slander and libel,' survive the death of the person injured, but it was held in *Holton v. Daly, supra,* that the action only survived in cases where the death was from some cause other than the injury. If death resulted from the injury the only action that could be maintained was by the personal representative under the Injuries statute of 1853 [Cahill's Ill. St. ch. 70]. The entire separation of the two causes of action and the independence of each of the other may be illustrated by supposing that a person received an injury, for which suit is brought by him, a recovery had and judgment satisfied. Afterwards the injured party dies from the effect of the injury. The recovery by the deceased, in his lifetime, for the injury sustained by him, under a common-law action, would not bar a suit by his personal representative for the benefit of the widow and next of kin under the statute of 1853.''

The court in the *Ohnesorge* case held that: ''The finding by the Appellate Court that the father of the deceased child was guilty of contributory negligence conclusively establishes a fact which, under our law, is an absolute bar to a recovery.''

In *Follett v. Illinois Cent. R. Co.,* 288 Ill. 506, the court said: ''The defendant had a right to have the law given to the jury that the burden was on the plaintiff to prove the exercise of ordinary care on the part of the parents, who were to participate in any recovery.''

In 18 L. R. A. (N. S.) 328, it is said: ''It would appear to be a generally accepted rule that a parent who brings an action in his own right for the death

of his infant child must be denied recovery if his own negligence contributed to the accident which resulted in the child's death, and the defendant was guilty of negligence only, and did not inflict the injury wantonly or wilfully. The theory of the rule is generally that a person cannot be allowed to benefit from his own wrong."

In some jurisdictions it has been held under statutes similar to ours that negligence of one of the next of kin for whose benefit the suit is brought will not bar a recovery, while in other jurisdictions it is held that such negligence may be shown in mitigation of damages by deducting the share to which the guilty beneficiary would otherwise be entitled, but that such contributory negligence would not bar the rights of the other unoffending next of kin. We are of the opinion that in this State the law is well settled that the contributory negligence of one of the next of kin, for whose benefit the suit is brought, is a defense to a suit brought under this statute, and a bar to a recovery, unless the injury causing the death was the result of wilful or wanton negligence on the part of the one against whom the suit is brought. *Ohnesorge v. Chicago City Ry. Co., supra; Chicago City Ry. Co. v. Wilcox, supra; City of Pekin v. McMahon,* 154 Ill. 141; *Chicago & A. Ry. Co. v. Logue,* 158 Ill. 621; *True & True Co. v. Woda,* 201 Ill. 315; *Illinois Cent. R. Co. v. Warriner,* 229 Ill. 91; *Follett v. Illinois Cent. R. Co., supra.* While in each of the cases above cited the deceased was a child and the suit was for the benefit of the parents, or parents and brothers and sisters, and in the present case the deceased was a wife and the suit is for the benefit of her husband and adult children, the statute construed in each of these cases was the same as the one under which the present suit is brought, and the principles there announced are applicable to the present suit.

The evidence in the case shows that the accident

happened on a through State highway where vehicles of all kinds meet or pass with great frequency. Hazel, while he did not identify the motor bus as being the machine with bright lights, testified that he saw the reflection of the lights of a machine before it turned White's corner, and that as it came down the road from that time on he was perfectly blinded; that he could not see anything for the white, bright light glaring; that he reached over and switched on his light and off twice; when he flashed and signaled for the driver of the other car to use dimmers he (Hazel) released his clutch and set his brake; that the light first began to affect him when he was about 60 rods from it; that the driver of the other car did not turn off his lights until he got up to him; that when he first signaled for the dimmers his speedometer showed a speed of not quite 25 miles per hour; that he was looking ahead trying to see but did not see the lumber wagon ahead of him and first saw the wagon an instant before he struck it; that the reason he could not see it was that the intense lights were so dazzling he couldn't see at all; that when he was just opposite the light, his car crashed into the wagon and his wife was instantly killed. He did not state how far distant he was from the wagon or lights when he signaled for the dimmers or released his clutch, and set his brake. The undisputed evidence is that after hitting the wagon the automobile traveled 34 or 35 feet; that the driver of the wagon was thrown from the wagon and under Hazel's car by the force of the collision, the radiator of Hazel's car was bent back, the hood knocked off, the glass of the windshield broken and the frame of the engine was bent up a little.

We are of the opinion that all reasonable minds must agree that any man who, while dazzled so much that he could not see at all, drove his car blindly upon a much-frequented highway, where horse-drawn vehicles might be overtaken at any moment, at a rate of

speed so great that with clutch released and brake set it struck a lumber wagon with such force as to damage the car as this one was and then run for a distance of 34 or 35 feet, was guilty of negligence which contributed to bring about the injury.

It is contended by appellant that as this accident occurred less than one hour after sunset, the provisions of the Motor Vehicle Law with reference to dimmers does not apply to this case. As this case must be reversed upon another ground and is not remanded, we refrain from a discussion of this question.

The judgment of the circuit court is reversed.

*Reversed with finding of facts.*

Finding of facts to be embodied in the judgment: We find that Charles Hazel, husband of deceased, who is one of the persons for whose benefit this suit was brought, was guilty of negligence and that such negligence contributed to bring about the accident which caused the death of Deloia Hazel, deceased.