(No. 28146.—

VAN V. LAIN *et al.,* Appellants, *vs.* METROPOLITAN LIFE INSURANCE COMPANY, Appellee.

*Opinion filed November 22, 1944.*

FISHER & FISHER, (JOSEPH FISHER, of counsel,) both of Chicago, for appellants.

HOYNE, O'CONNOR & RUBINKAM, (NATHANIEL RUBINKAM, and MELVIN L. GIBBARD, of counsel,) all of Chicago, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

The plaintiffs, Van V. Lain and William Lain, doing business as Lain & Son, brought an action in the municipal court of Chicago against the defendant, the Metropolitan Life Insurance Company, to recover the proceeds of a policy for $300 issued to Catherine Krka and in effect on October 14, 1942, the day the insured died. Her husband, John Krka, the beneficiary, executed an assignment of the policy to plaintiffs to apply upon his indebtedness of $566.55 for funeral arrangements and services. By their complaint, plaintiffs charge that they delivered the assignment to defendant on October 20, 1942. Answering, defendant denied receipt of the assignment on October 20 or any other time. As an alternative defense, defendant averred that any purported assignment was void because of the nonassignability provision of the policy. Defendant's check for $299.70, dated November 13, 1942, was isued to Krka. A trial before the court without a jury resulted in a finding and judgment in favor of defendant and against plaintiffs. The Appellate Court for the First

District affirmed the judgment. A certificate of importance has been granted, and the record is before us for a further review.

The pleadings of the parties made an issue of fact as to whether plaintiffs delivered the assignment of the insurance policy to the defendant. This controverted question of fact was tried and decided adversely to plaintiffs by the trial judge, and the Appellate Court has decided that the evidence adduced amply supports the finding that defendant did not receive the assignment. There is, accordingly, no question with respect to the delivery of the assignment before us for consideration or determination. (*Merlo* v. *Public Service Co.* 381 Ill. 300; *Crane* v. *Railroad Express Agency,* 369 Ill. 110.) Plaintiffs place reliance, however, upon the familiar rule that whether there is any evidence in the record to support the judgment of the Appellate Court upon an issue of fact is itself a question of law which may be inquired into by this court. (*Ahlenius* v. *Bunn & Humphreys,* 358 Ill. 155; *Martin* v. *Central Trust Co.* 327 Ill. 622.) Insistance that plaintiffs' testimony was uncontradicted cannot avail them for the reason that considerable evidence introduced by defendant tended to prove that it did not receive the assignment. No valid reason has been presented or suggests itself for disturbing the successive dispositions of the decisive issue of fact.

It becomes unnecessary to consider the validity of the assignment, the question of law apparently motivating the issuance of the certificate of importance. The situation differs from the factual situation in *Lain* v. *Metropolitan Life Ins. Co. ante,* p. 576, decided this day, where the assignment was admittedly delivered to the defendant and its validity sustained.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*