(No. 32996.—

JEAN DUFFY et al., Appellants, vs. RAYMOND CORTESI, Appellee.

*Opinion filed March 17, 1954—Rehearing denied May 19, 1954.*

JAMES A. DOOLEY, of Chicago, for appellants.

FUQUA & FUQUA, of Waukegan, for appellee.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

In a proceeding for damages for personal injuries sustained by plaintiff, Jean Duffy, a minor, and for the wrongful death of Bertha Brockway, allegedly caused by the negligence of defendant, Raymond Cortesi, in driving his car into them as they were crossing the street, the jury returned verdicts in favor of defendant, and the circuit court of Lake County entered judgment thereon, which was affirmed by the Appellate Court. We have allowed plaintiffs' petition for leave to appeal therefrom.

The essential issues presented in this cause are whether a particular instruction to the jury constitutes reversible error, and whether the verdicts of the jury should have been set aside on the ground that they were unsupported by any evidence.

Inasmuch as the propriety of the jury verdicts is an issue herein, it is incumbent upon this court to review the evidence. From the record it appears that this proceeding was instituted by James Duffy, the father and next friend of the injured minor, and by Jean Duffy, as administrator of the estate of Bertha Brockway, her mother. At about 6:40 P.M., on June 23, 1949, the injured minor, age 5, and her grandmother, the decedent, were crossing Central Avenue on the west crosswalk, from north to south, at the intersection with Second Street in Highland Park. Defendant, Raymond Cortesi, was driving his car in a northerly direction on Second Street, and made a left turn onto Central Avenue to proceed in a westerly direction. Defendant claimed that he stopped at the intersection, and that as he turned left on Central Avenue he was blinded by the sun, and, therefore, only looked to the east, although he proceeded to make the left turn west. He also admitted that he cut the corner and started to turn left just before he reached the center of Central Avenue. He did not at any time see decedent and the child until after the impact.

The police captain who investigated the accident testified on behalf of plaintiffs that when he arrived on the scene, some 20 minutes after the accident he found some particles of glass that fitted into the eye glasses belonging to Bertha Brockway, located some 20 feet from the north curb of Central Avenue, and some 7 feet from the west line of the crosswalk that led from the northwest corner to the southwest corner of Central Avenue and Second Street. He also found a bloodstain about 32 feet west of the crosswalk, and tire skid marks east of that blood spot. He further stated that there were no parked cars on Central Avenue within 25 feet from the west crosswalk. That fact is corroborated by the testimony of another police officer who arrived at the scene earlier. This officer testified on behalf of plaintiffs that there were no cars parked along the street between the crosswalk and where the decedent was lying, which was about 32 feet west of the cross walk and some 20 feet from the north curb, thereby indicating that at the time of the impact decedent and the minor had already proceeded almost half way across Central Avenue, which was 60 feet wide.

Defendant's witness, Robert Kane, who was in his car on Second Street facing south toward defendant, and getting ready to turn east on Central Avenue, testified that defendant did not bring his vehicle to a stop before making the left turn onto Central Avenue, and that as defendant turned his car west defendant's head was facing east. This circumstance caused the witness to look east to see what was attracting defendant's attention. The witness further stated that there was a car parked diagonally at the north curb on Central Avenue, although on cross-examination he admitted that at the coroner's inquest he did not refer to any parked cars. At one part of his testimony he stated that he did not see but only heard the impact because his view was blocked by the parked car, and, at another part,

he stated that he saw the impact and that defendant was then west of the crosswalk. The witness also explained that while he was at the scene of the accident, someone kicked the decedent's glasses to the east.

Jean Duffy, the daughter of the decedent, and administrator of the estate, testified that her mother and daughter had gone shopping. She stated further that Bertha Brockway was a retired school teacher, 70 years of age, in good health at the time of the accident, and was habitually careful in crossing streets.

With reference to the foregoing evidence, the circuit court included among the instructions to the jury the following instruction, to which plaintiffs objected: "If you find from the evidence and under the instructions of the court that the injuries, if any, suffered by the plaintiff, Jean Duffy, a minor, were caused proximately and solely by a person other than the defendant, then the plaintiff, Jean Duffy, a minor, cannot recover from the defendant."

The jury returned verdicts finding the defendant not guilty as to the injuries sustained by the minor, and as to the death of Bertha Brockway. After overruling motions for a new trial, and for judgment notwithstanding the verdict, the court entered judgment on the verdicts. The Appellate Court, in affirming that judgment, held that the evidence was sufficient to warrant the verdicts, and that the controverted instruction did not constitute reversible error.

In adjudging first the propriety of the controverted instruction, it is established that it is the province of the trial court to inform the jury of the rules of law applicable to the facts adduced in evidence. (*Woods* v. *Chicago, Burlington and Quincy Railroad Co.* 306 Ill. 217.) The trend of judicial opinion reveals a reluctance to reverse cases on the ground of technical errors in instructions; hence, courts have reiterated that the instructions will be consid-

ered as a whole, and where the jury has not been misled, and the complaining party's rights have not been prejudiced by minor irregularities, such errors will not be deemed grounds for reversal. (*Kavanaugh* v. *Washburn,* 320 Ill. App. 250; *Stephens* v. *Weigel,* 336 Ill. App. 36; *Anderson* v. *Brown,* 340 Ill. App. 613.) Where, however, the instruction is peremptory in character and directs a verdict for either party, it must necessarily contain all the facts and be complete within itself; it cannot be cured by any other instruction in the series. (*Hanson* v. *Trust Co. of Chicago,* 380 Ill. 194; *Horton* v. *Mozin,* 341 Ill. App. 66; *Bartels* v. *McGarvey,* 327 Ill. App. 206.) Moreover, it is deemed harmful and serious error where a peremptory instruction assumes facts not in evidence, and incorrectly interprets the law. *Woods* v. *Chicago, Burlington and Quincy Railroad Co.* 306 Ill. 217.

The questioned instruction herein was peremptory in character and directed the jury that the minor could not recover if her injuries were caused by a person other than defendant. The third person obviously referred to in the instruction was the grandmother, Bertha Brockway, and the reasonable interpretation of the instruction was that the 5-year-old plaintiff could not recover against defendant if her grandmother's negligence caused her injuries.

The action of the child was directed solely against the defendant Cortesi, and it was his negligence which was at issue under the pleadings, and not the negligence of any other person. Hence, the instruction, by referring to injuries caused by a person other than defendant, injected an issue not involved in the cause. Moreover, under the evidence adduced, the only person who could have caused the injuries of the nature sustained by the child was the defendant by driving his car into her. Thus, the instruction, by suggesting that the jury could find that another person caused those injuries, assumes fact *dehors* the evidence. Furthermore, under the law, a 5-year-old minor

cannot be deemed contributorily negligent (*Wall* v. *Greene*, 321 Ill. App. 161,) and the negligence, if any, of the grandmother could not be imputed to the child to support a defense of contributory negligence, and bar her suit against defendant. (*Romine* v. *City of Watseka*, 341 Ill. App. 370, 377; *Chicago City Railway Co.* v. *Wilcox*, 138 Ill. 370, 381.) Therefore, the implication in this instruction that the negligence of the grandmother would preclude recovery by the child against defendant incorrectly states the law.

It is apparent, therefore, that this peremptory instruction, which cannot be cured by any other instruction, was improper and should not have been given. The Appellate Court recognized that the instruction was erroneous, but found that the jury could not have been misled by it. We cannot agree with that analysis. Where error is shown to exist, it will compel reversal, unless the record affirmatively shows that the error was not prejudicial. (*Crane Co.* v. *Hogan*, 228 Ill. 338.) In the instant case it is evident that the erroneous peremptory instruction may have misled the jury and affected its verdict, inasmuch as the jury denied the 5-year-old child recovery against defendant, notwithstanding the substantial evidence of defendant's negligence as hereinafter noted, and the fact that the essential elements of the minor's cause were established by the evidence. The inclusion of this instruction, therefore, constituted reversible error.

In addition to the foregoing ground for reversal plaintiffs urge that the verdicts of the jury were unsupported by any evidence in the record. Under the Civil Practice Act the Supreme Court is authorized to re-examine cases brought to it by appeal from the Appellate Court only as to questions of law (Ill. Rev. Stat. 1953, chap. 110, sec. 213, 216(3)(b).) It is established, however, that it is a question of law whether there is any evidence in the record to support a particular finding. *Sterling Midland Coal Co.* v. *Great Lakes*, 334 Ill. 281; *Lain* v. *Metropolitan Life Ins.*

*Co.* 388 Ill. 586; *Ahlenius* v. *Bunn & Humphreys,* 358 Ill. 155; *Seiders* v. *Henry,* 347 Ill. 467; *Roon* v. *Van Schouwen,* 406 Ill. 617.

With reference to the verdict denying recovery to the 5-year-old minor the jury apparently found that the evidence did not establish that defendant was negligent. It is recognized under common law doctrines that where the vision of the driver of an automobile is obstructed for any cause, ordinary care requires him to proceed with more caution than where he has unobstructed vision. (5 Am. Jur. 652, and cases cited.) Although the courts in some jurisdictions have held that the motorist is obliged to stop, rather than negligently proceed where he cannot see, (*Mathers* v. *Botsford,* 86 Fla. 40, 97 So. 283,) other jurisdictions have not imposed such stringent obligations; however, in the ultimate analysis of the cases, although the measure of care may vary with the condition creating the obstructed vision, the roadway and traffic, it should be commensurate with the situation, so as to avoid inflicting injury on any person who may be using the street while the motorist is unable to see what is before him. 5 Am. Jur. 652; 22 A.L.R. 2d 298 *et seq.;* 73 A.L.R. 1017; 41 A.L.R. 1040.

The Illinois court in *Hazel* v. *Hoopeston-Danville Motor Bus Co.* 229 Ill. App. 125, (affirmed in 310 Ill. 38,) held that the conduct of the driver was "negligence as a matter of law" where he proceeded to drive ahead on a highway at 25 miles per hour while he was blinded by the lights of the approaching bus, so that he struck the lumber wagon ahead of him, which he could not see until an instant before he struck it. In that case the negligent driver was the plaintiff in a wrongful death action. As husband of the decedent, he sought to recover from the bus company for the failure of the approaching bus to dim its lights, which blinded him and caused him to collide with the lumber wagon ahead, and resulted in the death of his wife. The court

held that his conduct in proceeding ahead under the circumstances, while blinded by the lights of the bus, constituted negligence, and since he was one of the persons for whose benefit the suit was brought, there could be no recovery.

In numerous jurisdictions courts have held that motorists were negligent where the evidence indicated, as in the instant case, that the driver, though blinded by the sun, proceeded ahead and caused injury to persons on the road. 22 A.L.R. 2d 408 *et seq.; Stevens* v. *Potter,* 209 Ky. 705, 273 S.W. 470; *Toenges* v. *Schleihauf,* 368 Pa. 247, 82 Atl. 2d 15; *Hatzakorzian* v. *Rucker-Fuller Desk Co.* 197 Cal. 82, 239 Pac. 709; *Block* v. *Peterson,* 284 Mich. 88, 278 N.W. 774.

In *Block* v. *Peterson,* a motorist who crossed an intersection while blinded by the sun, and consequently collided with another automobile which he did not see, was held to be guilty of negligence as a matter of law by the Michigan court.

The California courts have, in several cases, held that drivers were guilty of negligence where they were blinded by the sun, but nevertheless proceeded ahead and became involved in collisions. (*Meads* v. *Deener,* 128 Cal. App. 328, 17 Pac. 2d 198; *Hatzakorzian* v. *Rucker-Fuller Desk Co.* 197 Cal. 82, 239 Pac. 709; *Havens* v. *Loebel,* 103 Cal. App. 209, 284 Pac. 676.) In the *Meads case* the court stated: "Though offered as an excuse by automobile drivers who fail to take any precautions to avoid accidents when blinded by the sunlight, such action constitutes strong evidence of negligence in every state."

In the instant case, as in *Meads* v. *Deener,* it appears from defendant Cortesi's own testimony that he was looking east while he made a left turn west onto the main thoroughfare of Highland Park, because he was blinded by the sun from the west, and that he did not see decedent and the 5-year-old child until after he struck them. His own witness contradicted his statement that he brought his

car to a stop before he made the turn onto Central Avenue, and stated that defendant's facing east while turning west caused the witness to turn east to see what was attracting defendant's attention.

The evidence further establishes that the child and decedent had already proceeded some 20 feet from the curb in crossing the street, so that if defendant had taken any precautions to see where he was driving, he would have seen them. Defendant, however, though blinded by the sun, not only failed to take precautions to avoid the foreseeable hazard of injuring persons crossing the intersection, but continued to turn while looking in the opposite direction. In the light of the duty of care imposed by the law where a driver's vision is obstructed by bright lights, or by the sun, it is evident that defendant's conduct in looking east while turning west into a much traversed intersection of a major business street of Highland Park clearly constituted negligence as a matter of law.

Under these circumstances, the jury should properly have found that the 5-year-old minor was entitled to recover from defendant; and the verdict denying such recovery was clearly unsupported by any evidence.

With reference to the right of recovery of the administrator of the estate of the decedent, Bertha Brockway, it was necessary that the evidence establish, in addition, that she had been in the exercise of ordinary care for her own safety at the time of the accident. In denying recovery the jury apparently found that decedent was contributorily negligent.

There were no eyewitnesses to the accident, and the defendant did not see the decedent until after he struck her and had brought his car to a stop. Hence plaintiff offered evidence that the decedent was an alert intelligent woman in the best of health; that she had been a school teacher up until a short time prior to the accident; and that she was habitually careful in crossing streets.

Evidence of that nature has been held to raise a presumption that the decedent was in the exercise of due care and caution at the time the injuries resulting in death were sustained. (*Casey* v. *Chicago Railways Co.* 269 Ill. 386.) Moreover, such evidence, together with the presumption that all persons observe the instincts of self preservation, has been held sufficient to warrant a finding of freedom from contributory negligence by a jury. *Hill* v. *Richardson,* 281 Ill. App. 75; *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *Keenan,* 190 Ill. 217.

There is evidence in the record, however, in support of the contention that Mrs. Brockway was guilty of contributory negligence. The defendant's automobile was west of the crosswalk when she was struck. Her body was found 32 feet west of the crosswalk. If Mrs. Brockway and her granddaughter were crossing the street other than at the crosswalk, it was well within the province of the jury to determine that she was negligent in so doing. We are not permitted to weigh the evidence on this issue, and conclude therefore that the judgment entered by the circuit court for Raymond Cortesi in bar of the administrator's action should be affirmed. The Appellate Court, in affirming that determination, was correct and its judgment is affirmed. The Appellate Court erred in affirming the judgment entered for the defendant in bar of the action of Jean Duffy, minor. Therefore, the judgments of the Appellate Court and of the circuit court as to the minor's suit are reversed, and the cause is remanded to the circuit court for a new trial.

*Affirmed in part and reversed in part, and remanded.*