Lillian Barth and Judy Saltzberg, a Minor, by Al Saltzberg, Her Father and Next Friend, Appellants, v. Barbara Reichert, Appellee.

Gen. No. 48,519.

First District, Third Division.

February 7, 1962.

Rehearing denied and opinion modified March 22, 1962.

Brooks & Gordon, of Chicago (Gilbert Gordon, of counsel), for appellants.

Hinshaw, Culbertson, Moelmann & Hoban, of Chicago (Oswell G. Treadway, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from a judgment on a verdict for defendant in a personal injury case. The suit grows

out of an accident in which an automobile driven by Barbara Reichert struck Lillian Barth and a perambulator in which she was wheeling her granddaughter, Judy Saltzberg, at the intersection of 4th Street and Linden Avenue in Wilmette, Illinois, at about 3:30 p. m. on November 6, 1958. The principal question involved is the liability of one who drives an automobile while blinded by the sun and strikes a pedestrian at or near a crosswalk.

Defendant had been driving south on 4th Street and came to a complete stop at Linden Avenue. She proceeded to turn west on Linden Avenue, intending to park in the parking space closest to the corner. That space was vacant. As she proceeded to turn, the sun's rays blinded her. Her precise words were: ". . . the sun was like hitting me in the eyes. For a minute I couldn't see anything." Then she saw a shadow through the sunlight, became aware that someone was in front of her, and stopped. Lillian Barth was lying in the street and the baby was in front of her in the carriage which had turned over and was on its side. She testified that she had been at the Jewel store on Linden Avenue, apparently on the south side of the street; that she left the store, went east to 4th Street and proceeded to cross Linden Avenue. She was about three-fourths of the way across the street when she saw a car coming from the east, "picked" up her hand and said, "Please stop," and then the car pushed her down.

Witnesses differ as to whether plaintiffs were within the crosswalk or a short distance from it. Defendant, according to her own testimony, was seeking to turn her car into the first parking space, only a car's length from the corner. She must therefore have struck plaintiffs in or close to the crosswalk after she had driven blind over a portion or all of it.

474

As she had just started the car, it is equally clear that she was driving so slowly she could have stopped on the instant, but although blinded by the sun, she did not do so. Defendant's driving while blinded was under the circumstances of this case negligence in law. Duffy v. Cortesi, 2 Ill2d 511, 119 NE2d 241; Ball v. Sears, Roebuck & Co., 223 F2d 695 (5th Cir 1955); Dinkins v. Jackson Brewing Co., 57 So2d 52 (La Ct App 1952); Sanborn v. Stone, 149 Me 429, 103 A2d 101 (1954).

In Duffy v. Cortesi, supra, the pedestrians, as in the instant case, were grandmother and grandchild. The grandchild was five years old. They were walking across Central Avenue in Highland Park, Illinois. They were not at a crosswalk, but some considerable distance from it. The defendant while driving his car was blinded by the sun coming from the direction in which he was driving. He looked the other way, continued on his course and struck the pedestrians, killing the grandmother and injuring the child. The grandmother's body was found *32 feet* from the crosswalk. Suit was instituted for the wrongful death of the grandmother and on behalf of the minor. The jury found for the defendant and judgment was entered on the verdict. The court reviewed the law in this state and in other jurisdictions and came to the conclusion that the defendant was guilty of negligence as a matter of law and that the jury should have found that the minor was entitled to recover. As to the grandmother the court held there was evidence of contributory negligence sufficient to require submission to the jury.

In certain cases it has been held in Illinois that the question was one for the jury. Thus, in Goodman v. Keeshin Motor Exp. Co., 278 Ill App 227, it was the plaintiff who was driving his car while blinded by the

lights of a truck attempting to pull the defendant's truck out of the mud. The jury found for the plaintiff, and judgment on the verdict was sustained by the Appellate Court. The court said that the situation presented by the two stationary vehicles, one apparently heading for the plaintiff and blinding him, constituted a trap and led the plaintiff to believe he could pull over to the right and pass safely. The court held that the jury could properly have concluded that the driver for the defendant was negligent in permitting the trucks to stand without any warning to approaching automobiles.

In Wedig v. Kroger Grocery & Baking Co., 282 Ill App 370, the plaintiff's intestate was injured in a collision with the defendant's truck and trailer. The charge of negligence was that the defendant had left the truck and trailer standing on a state highway without any light or other warning; that the plaintiff's lights had been interfered with by an automobile approaching him with bright lights and that thereafter he saw the defendant's truck. The court said that while some cases hold that driving while blinded is negligence per se, others hold it a question for the jury. The court held that the facts of that case brought it within the latter rule. The plaintiff had only stated that his vision was interfered with and that he did not see the defendant's truck for other reasons. The court held that whether his failure to see the truck was because he was blinded was a question for the jury.

In Paul v. Garman, 310 Ill App 447, 34 NE2d 884, a road repair worker was struck by the defendant's automobile. The jury found the defendant guilty of wilful and wanton misconduct. The defendant's plea was that he had been blinded by the lights of another car. The court said that where a motorist is blinded by the lights of another car and continues his course,

it is a question for the jury whether he is guilty of negligence. It should be noted that in that case the jury found the defendant guilty of wilful and wanton misconduct, so that the question of whether the circumstances constituted negligence in law was not controlling.

In Ball v. Sears, Roebuck & Co., supra, a pedestrian was struck by a truck driver as he made a left-hand turn at an intersection while blinded by the sun. The jury found against the plaintiff. The court of appeals reversed and remanded, saying there was a real issue as to the extent of the injury suffered by the plaintiff, but that there could be no dispute about his being entitled to a jury finding in his favor; that under the law of Alabama it was the defendant's duty to "exercise all ordinary and reasonable care and diligence to avoid an injury to anyone who might rightfully be on the street in front of him; *even to the extent, if need be, of stopping his car,* if he couldn't see ahead of him because of the bright sunlight in his eyes." (Emphasis added.)

In Dinkins v. Jackson Brewing Co., supra, the plaintiff and the defendant came to the intersection at right angles to each other. The plaintiff's car entered the intersection first, but due to the glare of the sun the defendant did not see the plaintiff's car until they collided. The trial court dismissed the suit. The court held that the defendant's own testimony concerning his proceeding into the intersection while he was blinded substantiated as obvious the conclusion that he was negligent. The court reversed the dismissal and ordered judgment for the plaintiff.

In Sanborn v. Stone, supra, the court discussed the general rule concerning driving while blinded and said that one must know what is ahead or else bring his car to a stop. The court held that the defendant's negligence was a question for the jury which could

477

properly be resolved, as it was, in favor of the plaintiff.

We will not further analyze the cases on this question. They are discussed at length in American Law Reports Annotated. Annot., 22 ALR2d 292 (1952 Supp 1960, 1961). We consider Duffy v. Cortesi, supra, to be controlling on the question of defendant's negligence.

■■ Defendant in her brief states that in none of the cases did the court hold that the driver of a motor vehicle was negligent because of becoming blinded by the sun or by an oncoming vehicle, but that the judgment of the court was based on the conduct of the driver after he had become so blinded. Of course this is true. A driver may not be able to avoid being blinded, but the question is what he does after being blinded. All such cases repeat that after being blinded it is the driver's duty to avoid inflicting injury on any person who may be using the street while he is unable to see what is before him. Divergence comes on the question of whether he should not have stopped his car completely and taken measures to avoid injuring pedestrians or another driver. It is negligence in law when the circumstances would have required any reasonable man to stop and not proceed blindly, particularly at an intersection where pedestrians are likely to be crossing. In a number of cases where the courts say that driving while blinded is a question for the jury and *inferentially* not one of law, it appears that the jury had in fact decided that such action was negligence, and the issue was not thus squarely presented to the court. Defendant in the instant case was guilty of negligence as a matter of law.

■■ The sole question remaining is whether Lillian Barth was guilty of contributory negligence. Her testimony that she was within the crosswalk is contradicted by a number of witnesses. The statute governing this question provides that a pedestrian cross-

ing a roadway at any point other than within a marked crosswalk shall yield the right-of-way to all vehicles upon the roadway. But notwithstanding this provision, it is provided that every driver shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway. Ill Rev Stats, c 95-½, § 172 (1961). This statute does not relieve a defendant of the duty to exercise a care commensurate with the circumstances of the case. The precise place at which Lillian Barth crossed the street is a disputed question in the evidence. This and her conduct in crossing the street raise an issue for the jury on the question of her contributory negligence.

The jury's verdict, however, must have been based on the conclusion that defendant was not negligent, as it also found against the minor, with respect to whom there was no issue of contributory negligence. It is clear, therefore, that the jury had an erroneous understanding of the case and it must be retried.

The judgment is reversed and the cause is remanded with directions to allow the motion for a new trial, and for such other and further proceedings as are not inconsistent with the views herein expressed.

Judgment reversed and cause remanded with directions.

McCORMICK, P. J. and DEMPSEY, J., concur.