**Mario MacMASTER, Plaintiff-Appellant,**

v.

**Robert E. COONTZ, Defendant-Appellee.**

No. 78–1111.

Colorado Court of Appeals, Div. III.

Sept. 4, 1980.

As Modified on Denial of Rehearing Oct. 30, 1980.

Certiorari Denied Jan. 26, 1981.

L. B. Ullstrom, Robert P. Smith, Denver, for plaintiff-appellant.

Yegge, Hall & Evans, Eugene O. Daniels, Denver, for defendant-appellee.

KELLY, Judge.

Mario MacMaster brought this action to recover for the wrongful death of her husband, David MacMaster, and for loss of consortium. The trial court granted defendant Coontz' motion for directed verdict as to the wrongful death claim at the close of the plaintiff's case, denied the MacMaster motion for directed verdict on the issue of negligence, and submitted the case to the jury on the loss of consortium claim. The jury returned a verdict in favor of Coontz. MacMaster argues that the trial court erred in directing a verdict for the defendant, and in refusing to rule that the defendant was negligent as a matter of law. We agree, and thus reverse.

A trial court may properly grant a motion for directed verdict only when the evidence, considered in a light most favorable to the nonmoving party, compels the conclusion that a verdict against the movant could not be sustained. *Nettrour v. J. C. Penney Co.*, 146 Colo. 150, 360 P.2d 964 (1961). Here, the plaintiff alleged that Robert Coontz was negligent in the operation of his automobile when it struck her husband as he crossed the street. David MacMaster was afflicted with leukemia, and the question for determination on the wrongful death claim was whether the accident hastened his death. Since there was testimony from which the jury could have believed that David MacMaster's death arrived as much as two years earlier than had been expected, absent the accident, the trial court's ruling that the plaintiff had, as a matter of law, failed to establish the causal connection was erroneous. Given the same evidence on retrial, the issue of causation should be submitted to the jury.

Moreover, the trial court should have granted MacMaster's motion for a di-

rected verdict as to Coontz' negligence. The uncontradicted testimony of the defendant himself shows that, after stopping at the stop sign on Vine Street, he turned west onto 13th Avenue, and, although the sun was in his eyes, he proceeded on 13th, striking MacMaster whom he failed to see. Under these circumstances, the defendant was negligent as a matter of law. *Ball v. Sears, Roebuck & Co.*, 223 F.2d 695 (5th Cir. 1955); *Barth v. Reichert*, 34 Ill.App.2d 472, 181 N.E.2d 609 (1962); *Levine v. Scaglione*, 95 N.J.Super. 338, 231 A.2d 229 (App.Div. 1967).

However, contrary to the plaintiff's argument, the trial court properly refused to direct a verdict in her favor on the issue of David MacMaster's contributory negligence. Since the evidence was in conflict whether he was inside the crosswalk when he was struck, the resolution of this issue was properly left to the jury. *See Safeway Stores, Inc. v. Langdon*, 187 Colo. 425, 532 P.2d 337 (1975).

In view of the conclusions we have reached, it is unnecessary to address the plaintiff's other contentions.

The judgment is reversed and the cause is remanded for a new trial.

RULAND and BERMAN, JJ., concur.