TRAVELERS INSURANCE COMPANY, Plaintiff-Appellee,

v.

Steven GASPER, Defendant-Appellant.

No. 78–191.

Colorado Court of Appeals, Div. II.

March 19, 1981.

Madden & Strate, P. C., Trevor J. Mac-Lennan, Denver, for plaintiff-appellee.

Joseph P. Jenkins, P. C., Joseph P. Jenkins, Estes Park, for defendant-appellant.

SMITH, Judge.

Defendant, Steven Gasper, appeals a judgment entered against him awarding plaintiff $28,000 for injuries arising out of an automobile-pedestrian accident. We affirm.

The case arose out of an intersection accident occurring on September 22, 1979, in which a car driven by defendant struck two pedestrians, Dorothy and Spiro Demos. As a result of the accident, Spiro Demos died and Dorothy Demos was severely injured.

In a trial to the court, the trial court determined that at the time of impact, Mr. and Mrs. Demos were in a cross-walk approximately halfway across the street; that the defendant did not see either pedestrian until after impact; and that prior to impact the driver took no evasive action, and did not attempt to stop or slow his vehicle. It was also determined that at the time of the accident, the sun was setting in such a position that it interfered with the vision of those traveling in a westerly direction, as was Gasper.

Based upon this evidence, the court concluded that the negligence of the defendant was the direct proximate cause of the injuries received by Mrs. Demos and the death of Mr. Demos. The court also found that neither plaintiff was contributorily negligent as to their conduct in attempting to cross the street.

Thereupon, the court entered judgment in the stipulated damage amount of $28,000 against the defendant.

### I.

Defendant contends that the evidence was insufficient to support the findings of the trial court: (1) that the negligence of Gasper proximately caused the injuries sustained by plaintiffs, and (2) that neither plaintiff was guilty of contributory negligence. We disagree.

In a trial to the court, the sufficiency, probative effect, and weight of the

evidence, and the inferences and conclusions to be drawn therefrom will not be disturbed unless so clearly erroneous as to find no support in the record. *Peterson v. Ground Water Commission*, 195 Colo. 508, 579 P.2d 629 (1978). Viewing the evidence in the light most favorable to the trial court's judgment, we find that sufficient evidence exists in the record to support the trial court's findings of fact and conclusions of law. *See MacMaster v. Coontz*, Colo.App., 623 P.2d 71 (1980).

## II.

Gasper next contends that the trial court erred in ruling that the statute of limitations did not bar the claim of Travelers who was substituted for the original plaintiffs as the real party in interest pursuant to C.R. C.P. 17(a). We disagree.

The original complaint was filed by Dorothy Demos seeking: (1) damages for the wrongful death of her husband, (2) damages for her own personal injuries, and (3) reimbursement as a subrogor to Travelers for $28,000 paid to her under an uninsured motorist policy.

On February 16, 1977, after electing to drop her claims for wrongful death and personal injuries, Dorothy Demos, and George Demos, as executor of the estate of Spiro Demos, filed an amended complaint seeking only the $28,000 previously paid by Travelers. Defendant filed an amended answer alleging that Dorothy and the executor were not the real parties in interest. Gasper contended that after the personal claims were withdrawn, only Travelers had an interest in the action and, therefore, Travelers should be substituted for Dorothy Demos and the estate under C.R.C.P. 17(a).

On June 30, 1977, the date of trial, the court ruled that Travelers was the real party in interest and substituted Travelers as party plaintiff. Gasper then moved to dismiss on the ground that more than six years had elapsed since the accident and that, therefore, the statute of limitations, § 13–80–110, C.R.S.1973, barred Travelers' claim. This motion was denied and the case proceeded to trial.

The propriety of the court's ruling substituting Travelers for the original plaintiffs has not been challenged and is, therefore, not an issue on this appeal.

While the original complaint was filed within the six year limitation period, the substitution of Travelers as party plaintiff occurred more than six years after the date of the accident. From this, defendant argues that the filing of the first complaint was of no legal effect, and that insofar as Travelers is concerned, its suit must be regarded as having been commenced at the time of the trial court's order substituting parties. In essence, the defendants argue that since the insureds were not the real parties in interest, the suit brought by them was a nullity which could not toll the statute of limitations for the purpose of preserving the claim of the insurer.

The question presented, one of first impression in Colorado, is whether Travelers, as substituted plaintiff, is entitled to benefit from the original filing date of its predecessor plaintiff, and thereby survive a challenge based upon the statute of limitations.

This statute of limitations question necessitates a discussion of the doctrine of "relation back." Although C.R.C.P. 15(c) does not specifically address itself to the issue of substitution of plaintiffs, relation back is allowed:

"[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . . ."

And, furthermore:

"An amendment changing the party *against whom* a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment: (1) Has received such notice of the institution of the action, that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party,

the action would have been brought against him." (emphasis added)

Other jurisdictions considering this issue have generally held that the substitution of an insurer for an insured as party plaintiff does not constitute the filing of a new cause of action, and that the substituted party benefits from the filing date of the original complaint. *See, e. g., Link Aviation, Inc. v. Downs*, 325 F.2d 613 (D.C.Cir.1963); *Kansas Electric Power Co. v. Janis*, 194 F.2d 942 (10th Cir. 1952); *United Pacific/Reliance Insurance Co. v. Kelley*, 127 Ariz. 87, 618 P.2d 257 (App.1980); *Manning v. Zapata*, 350 So.2d 1045 (Ala.Civ.App.1977); *Strother v. District of Columbia*, 372 A.2d 1291 (D.C. App.1977); *Holibaugh v. Cox*, 167 Ohio 340, 148 N.E.2d 677 (1958).

■ The major consideration in these cases is that defendant has adequate notice of the claim being asserted against him. If the adverse party has had sufficient notice of the disputed occurrence and related institution of legal action so as to obviate any prejudice which might arise from the assertion of the new plaintiff's claim, then the substitution is allowed to relate back.

■ Here, the original complaint actually asserted, *inter alia*, those theories of recovery and elements of damage now pursued by Travelers. Under these circumstances, Gasper did not suffer any prejudice by reason of the trial court's permitting Travelers' claim as substitute plaintiff to relate back to the original filing date of the original complaint. Hence, we conclude that Travelers' claim was not barred by the six year statute of limitations.

Judgment affirmed.

BERMAN and VAN CISE, JJ., concur.