THE ALEDO TERMINAL RAILWAY COMPANY, Appellant, *vs.*
WILLIAM M. BUTLER *et al.* Appellees.

*Opinion filed October 28, 1910.*

1. EMINENT DOMAIN—*when stipulation as to motive power is
properly stricken from files.* Where the petitioner in a condemna-
tion proceeding is organized under the general Railroad law, which
gives it power to use steam or electricity, a stipulation to the ef-
fect that it intends to use electricity as a motive power "wherever
it is practicable" but reserves the right to use steam power "when-
ever it shall be deemed advisable" does not justify the assessment
of damages on the basis of electric power, and is properly stricken
from the files.

2. SAME—*the court has reasonable discretion in admitting evi-
dence of sales of land.* While evidence of recent voluntary sales
of land in the vicinity of that condemned, and similarly situated,
is admissible, yet the trial court has a large discretion in determin-
ing whether the land is sufficiently similar to that condemned to be
of aid to the jury in determining the value thereof.

3. SAME—*when the refusal of proper evidence will not reverse.*
The improper refusal to allow the petitioner to prove what the de-
fendants paid for their farm three years before the condemnation
proceeding will not justify a reversal, where no error is assigned
calling in question the amount of the verdict.

APPEAL from the County Court of Mercer county; the
Hon. HENRY E. BURGESS, Judge, presiding.

W. J. GRAHAM, and CHURCH & CHURCH, for appellant.

JOHN M. WILSON, and HOMER D. DINES, for appellees.

Mr. CHIEF JUSTICE VICKERS delivered the opinion of
the court:

The Aledo Terminal Railway Company filed a petition
in the county court of Mercer county to condemn a strip
of land across the south-east quarter of section 15, town-
ship 14, range 3, in Mercer county, 66 feet wide and 2659
feet long, for a right of way for a railroad, making Wil-

liam M. Butler and Georgia A. Butler, as owners, defendants to said petition. A cross-petition was filed by the defendants, alleging that they were the owners of the entire quarter section of land described in the petition and of eighty-three acres adjoining the same, all contiguous to the strip sought to be condemned, in which they prayed that the damages to the land not taken might be ascertained and assessed by the jury. The jury, after hearing the testimony of the witnesses and viewing the premises, returned a verdict fixing the compensation for the land taken at $2500 and the damages to the balance of the farm at $850. After overruling appellant's motion for a new trial the court rendered judgment authorizing the petitioner to enter upon and take possession of the strip of land described in the petition upon the payment of the damages assessed. The railroad company has prosecuted an appeal from that judgment to this court.

The Chicago, Burlington and Quincy railroad track crosses the quarter section of land described in the petition from east to west. The north boundary line of the right of way of the Chicago, Burlington and Quincy Railroad Company is the south boundary line of appellant's right of way. In other words, appellant's right of way is immediately north and parallel to the right of way of the Chicago, Burlington and Quincy Railroad Company. Appellees' dwelling and other improvements are located just north of the Chicago, Burlington and Quincy road and near the west boundary line of their land. The dwelling house faces south and is about thirty-five or forty feet from the north line of the Chicago, Burlington and Quincy right of way. It is a two-story, seven-room frame building, with a porch on the south and a summer kitchen on the north side thereof. Appellant's right of way takes all of the dwelling house except the north seven feet and destroys the front yard, together with numerous shade, ornamental and fruit trees growing thereon. Immediately north of the resi-

dence, and conveniently located with reference thereto, appellees have two barns, an implement house, corn-crib, two wells, a windmill, a dairy building and other improvements.

Appellant does not contend that the damages awarded by the jury are excessive. The first error complained of is that there was an irregularity in the order in which the testimony was presented to the jury. Appellant insists that it should have been permitted to show the value of the land taken without reference to the damage to the balance of the farm, and that appellees should have introduced evidence in support of their cross-petition as to the damages to the land not taken. Appellant does not contend that any improper evidence was introduced or that there were any erroneous rulings as to the burden of proof as to the amount of compensation to be awarded. Even if the irregularity complained of existed, (which we do not find it necessary to decide,) no harm resulted to appellant therefrom.

During the trial appellees requested appellant to make a binding stipulation as to the motive power it intended to use upon its proposed railroad. In response to this request appellant filed an instrument signed by W. J. Graham and Church & Church as attorneys, which recited that said road was to be constructed as an electric road, and that electricity was to be used as the motive power "in all cases wherever it is found to be practicable, * * * but petitioner reserves the right to use steam or any other motive power in case the necessities of said road shall so require or whenever it shall be deemed advisable." Upon motion of appellees this stipulation was stricken from the files, and the action of the court in so doing is assigned as error. This ruling of the court was proper. The appellant company is incorporated under the general Railroad law of the State and is authorized to operate a railroad by steam power or electricity. The stipulation in no way restricted appellant to the use of electricity. Reserving the right to

use steam as a motive power "whenever it shall be deemed advisable," left appellant free to operate its road by steam power and to determine for itself the advisability of so doing. If appellant had desired to limit its use of the strip of ground to the operation of a railroad by electricity and to have the damages assessed on that basis, it might have done so by filing a binding stipulation to that effect. The stipulation stricken from the files did not so limit appellant's right, and the court did not err in striking it from the files.

Appellant's only remaining contention is, that the court erred in refusing to permit it to prove the prior selling value of appellees' lands and what other farm lands in the vicinity of appellees' farm had previously sold for. Evidence of voluntary sales of other lands in the vicinity and similarly situated is admissible in evidence to aid in estimating the value of the tract sought to be condemned, but the value of such testimony depends upon the similarity of the land to that in question and the time when such sales were made and the distance such lands are from those the value of which is the subject of inquiry. It must, of necessity, rest largely within the discretion of the trial judge to determine whether such other lands have sufficient similarity so that evidence of what they sold for would aid the jury in determining the value of the lands sought to be condemned. (*St. Louis and Illinois Belt Railway* v. *Guswelle*, 236 Ill. 214.) The trial court refused to allow a witness by the name of Clark to testify what he had paid for his farm. It did not appear when Clark had bought his farm nor that it was similar to appellees' land, but, on the contrary, Clark testified that his land was "not nearly as good" as the Butler land. The court also refused to allow appellant to prove what appellees had paid for the farm in question three years before. We think that this evidence was proper and ought to have been received, but its exclusion would not justify us in reversing the judgment

in the absence of any claim that the damages awarded are excessive.

By this proceeding appellant has acquired the right of way which it desired. By its failure to assign error calling in question the amount of compensation allowed, appellant admits that it has not been required to pay anything more than the ·just compensation to which appellees, under the constitution, are entitled. Under these circumstances the judgment should be affirmed, which is accordingly done.

*Judgment affirmed.*

Mr. JUSTICE COOKE, having been of counsel in the court below, took no part in the consideration or decision of this case.