Mathew Slovinski, Appellee, v. Herman Beasley, Trading as B. and D. Transportation Company, Appellant.

Heard in this court at the May term, 1942. Opinion filed November 2, 1942.

KRAMER, CAMPBELL, COSTELLO & WIECHERT, of East St. Louis, for appellant.

LOUIS BEASLEY and EDWARD C. ZULLEY, both of East St. Louis, for appellee.

MR. JUSTICE STONE delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of St. Clair county, in the sum of $2,400, recovered in that court by Mathew Slovinski, appellee (hereinafter designated as plaintiff), against Herman Beasley, doing business as B. and D. Transportation Company, appellant (hereinafter designated as defendant), for personal injuries sustained by plaintiff, growing out of the alleged negligence of defendant, on the 8th day of May, 1941.

At about 6:30 o'clock on the morning of the above date, plaintiff was driving his one ton truck in a westerly direction on the outside of north lane of U. S. Highway 40, a four lane highway, near the village of Fairmont City, in St. Clair county, when defendant's 21,000 pound transport truck, operated by one of his employees ran into and struck the plaintiff's vehicle from the rear. The force of the impact threw plaintiff forward and his back was injured.

Negligence charged in the complaint was a failure to have the motor vehicle under proper control; careless and improper driving; that the truck was not equipped with brakes adequate to control the movement and stop and hold such vehicle, in violation of the Motor Vehicle Law; the driving of the vehicle without having speed of same under control; that defendant's driver was fatigued and had fallen asleep

while driving, and driving at a rate of speed greater than was reasonable and proper, in violation of the Motor Vehicle Law, which resulted in the collision and resultant injuries to plaintiff. Defendant's answer denied these allegations. Trial by jury resulted in a verdict of $2,400 for plaintiff, and motion for new trial being denied, judgment by the court, in the aforesaid amount.

It is urged that the trial court erred in overruling defendant's motion for new trial. Plaintiff testified that while he was driving his truck on the outside lane of the four lane highway, defendant's transport truck ran into and struck plaintiff's truck from the rear, without notice or warning of any kind and that defendant's driver admitted to him that he was asleep. Another witness for plaintiff testified that the driver admitted to him that he was asleep at the time of the accident, and that the brakes on his truck were defective.

Elra Dennis, defendant's driver, denied admitting that he was asleep, and that his brakes were defective, that what he said was, that they were not the best. He stated on the witness stand that the brakes were worn and old, having had a lot of use, all of which he knew at the time of the accident. He stated that he had driven all night from Chicago, except for three hours, sleep at Atlanta, Illinois; that he was following plaintiff's truck, and plaintiff acted as if he were turning left. Dennis claimed he started to go around to the right side of plaintiff, and as he did, plaintiff turned back and he hit him. Witness did not claim that plaintiff had made any signal of his intention to turn left into the inner lane. He further testified that he was three or four feet behind plaintiff's truck, when he applied his brakes, and after his truck collided with the one in front, he had no brakes at all, and his truck proceeded for 800 feet before it stopped of its own accord. In general, application for a new trial is ad-

dressed to the judicial discretion of the trial court. *Adamsen v. Magnelia,* 280 Ill. App. 418. There are many things that a trial judge observes on a trial that do not appear from the printed record—the appearance of a witness, his or her manner of testifying, and other circumstances that greatly aid the trial court in determining the credibility of a witness and the weight, if any, that should be attached to his or her testimony. *Gavin v. Keter,* 278 Ill. App. 308. Upon a careful consideration of this record, we do not believe the discretion vested in the trial court was abused, in the denial of the motion for a new trial.

Among the errors relied upon for reversal, it is assigned that the trial court erred in refusing to direct a verdict for defendant and against the plaintiff at the close of all the evidence. This is not argued, and will be deemed to be waived. *Murgic v. Fort Dearborn Casualty Underwriters,* 245 Ill. App. 361; *Starr v. Rossin,* 302 Ill. App. 325; *Trust Co. of Chicago v. Iroquois Auto Ins. Underwriters, Inc.,* 285 Ill. App. 317.

It is alleged that the court erred in permitting the doctor to testify over objection as to what he assumed was wrong with plaintiff, said assumption being alleged to be based on plaintiff's history and what plaintiff told him. It is also urged that error was committed in the giving of plaintiff's instruction number three, which pertained to damages. It is not assigned as error that the damages awarded by the jury were excessive. It has been repeatedly held that evidence or instructions going to the measure of damages, where the amount is not questioned as excessive, will not work a reversal, because, errors therein, if any, are harmless. *Reisch v. People for use of Stringer,* 130 Ill. App. 164, aff'd 229 Ill. 574; *Semrau v. Calumet & S. C. Ry. Co.,* 185 Ill. App. 203; *Hutchison v. Chicago City Ry. Co.,* 192 Ill. App. 464.

We do not find it necessary therefore to discuss the above errors relied upon for reversal.

It is urged that the court erred in giving plaintiff's instruction number one to the jury, which provided:

"The court instructs the jury that in this case the plaintiff is not required to prove his case beyond a reasonable doubt; it is sufficient to entitle him to recover if he proves his case by a greater weight of the evidence." It is claimed that this instruction is misleading in that it does not correctly instruct the jury as to the manner in which plaintiff must prove his case. This instruction has been proved, in substance, in many instances. *Murphy v. Brichler,* 305 Ill. App. 6; *Pierson v. Lyon & Healy,* 243 Ill. 370; *Chicago Consolidated Traction Co. v. Schritter,* 222 Ill. 364; *Chicago City Ry. Co. v. Nelson,* 215 Ill. 436; *Taylor v. Felsing,* 164 Ill. 331; *Chicago City Ry. Co. v. Bundy,* 210 Ill. 39.

Counsel for defendant contend that it was error for the court to give to the jury, plaintiff's instruction number two. There the jury were told that if they believed, "that at the time and just prior to the collision in question the plaintiff did and acted like any other prudent person would have done and acted, situated as the plaintiff then was and under similar circumstances, then the plaintiff was exercising due care and caution required by these instructions." It is contended that under the ruling in *Edwards v. Hill-Thomas Lime & Cement Co.,* 378 Ill. 180, with reference to an instruction given therein, that the giving of this instruction was error. In the *Edwards* case the instruction told the jury that all the law required of the plaintiff was that degree of care and caution which a reasonably careful and prudent person would have exercised "in the situation in which" plaintiff was placed. There the Supreme Court held the instruction bad because it entirely ignored the question of whether plaintiff was guilty of contributory negli-

gence in placing himself in that situation. The objection to the instruction in the case at bar is not well taken because the instruction is not limited as to time, to the instant of the injury, but tells the jury that the degree of care required of plaintiff was such as any other prudent person, would have done and acted, situated as the plaintiff then was and under similar circumstances, "at the time and just prior to the collision." It is not contended, nor could it be aptly contended under this record, that there is any question of contributory negligence involved here, as there was in the *Edwards* case. This instruction has been approved, in substance by the Supreme Court in many cases. *Pierson v. Lyon & Healy, supra; South Chicago City Ry. Co. v. Kinnare,* 216 Ill. 451; *Chicago City Ry. Co. v. O'Donnell,* 208 Ill. 267.

We find no reversible error and the judgment of the trial court will be affirmed.

*Affirmed.*