James Lowe, a Minor, by His Mother and Next Friend, Violet C. Lowe, Plaintiff-Appellant, v. Miles Gray, Conservator of the Estate of Samuel O. Knudson, Defendant-Appellee.

Gen. No. 10,421.

Third District.

February 26, 1963.

Rehearing denied April 8, 1963.

Robert Weiner, Londrigan & Londrigan, of Spring-field, for appellant.

Gillespie, Burke & Gillespie, of Springfield (Louis F. Gillespie and George B. Gillespie, of counsel), for appellee.

REYNOLDS, J.

This is an appeal from a judgment of the Circuit Court of Sangamon County, Illinois, based upon a jury verdict finding the defendant not guilty of negligence in an accident resulting in personal injuries to the plaintiff while riding as a guest passenger in an automobile driven by Prenice R. Carter. The Carter automobile collided with an automobile driven by one Samuel O. Knudson. The collision occurred on Illinois No. 125 at a point near Bradfordton, Illinois. At the point of collision the highway is level and straight with wide sod and dirt shoulders. The time was about 1:00 o'clock a. m. with the weather clear and the pavement dry. Both automobiles were proceeding westwardly at about 50 to 60 miles per hour. The Knudson automobile was in front and the Carter automobile about 200 feet behind. The Knudson automobile was weaving or "wobbling" some and Carter did not attempt to pass until Knudson pulled partially off the paved portion of the highway, with about two thirds of his automobile off and one third on the pavement, but still traveling in a straight line parallel to the line of the pavement. Carter then started to pass, pulling into the south lane of the highway, and when he pulled up almost even with the Knudson automobile, it turned sharply to the left and came over in front of the Carter automobile and was struck by the right front of the Carter vehicle at or about the left front door. The Carter car went off the highway to the south of the highway and both Carter and Lowe were injured. The Knudson automobile proceeded west about five hundred feet and stopped.

347

Samuel O. Knudson was a man of 39 years of age at the time of the collision. He had suffered a brain injury at birth and according to the testimony of his conservator, Miles Gray, was hard of hearing and had difficulty in speech, was highly nervous, emotional and at times had delusions of persecution. The conservator also testified that it was questionable to accept anything Knudson said as gospel truth or correct. That he believed Knudson would tell the truth to the best of his ability, but on recollection and all, with his nervousness, he would question the correctness of his statements as to past events. Knudson was a lip reader and with some difficulty could carry on a conversation. The automobile he was driving belonged to him, having been given to him by his mother. In his testimony he admitted to having had one bottle of beer to drink before the accident, but was vague about this, it could have been two bottles. He said when he began to feel the beer, he stopped drinking.

The original suit was by James Lowe and Prenice R. Carter against Samuel O. Knudson. Miles Gray was substituted for the defendant as his conservator. The cause was tried before a jury and the jury returned a verdict in favor of the defendant. Carter did not prosecute an appeal, so this court is concerned only with the appeal of James Lowe.

There is not much in dispute in the cause. Knudson was not questioned as to what happened immediately before or at the time of the collision, and the only direct evidence as to what happened is that of Prenice R. Carter and James Lowe. Both of them testified Knudson was weaving on the road. On cross examination Lowe stated that Knudson may have crossed the middle line between the two lanes of traffic. Carter said the Knudson automobile was weaving but didn't see it cross the middle line. Carter pulled into the south lane, blinked his lights and started to

348

pass. He testified he did not see any lights come on on the Knudson car which might indicate the Knudson car was going to stop, but that the Knudson car continued to travel in the same direction, at about the same speed, about two thirds off and one third on the pavement. He was watching the road ahead and did not see the Knudson car cut over until it was in front of him. Nothing was said between Carter and Lowe until just before the collision when Carter said "Hang on." Apparently Lowe said nothing to Carter at any time just before or at the time of the collision. If any of the parties involved was in any way under the influence of intoxicating liquor, it would have been Knudson since there was testimony that Carter and Lowe had only had coffee.

The other testimony was the medical testimony as to the extent of the injuries suffered by Lowe and Carter, the testimony of a photographer who went to the scene of the collision and took pictures which were admitted into evidence and the testimony of a brother-in-law of Knudson. Examining the picture exhibits and reviewing the testimony of the brother-in-law, this court does not find anything that tends to contradict the testimony of Lowe and Carter as to what happened.

Plaintiff contends in his appeal that (a) The trial court should have entered judgment in favor of the plaintiff notwithstanding the verdict, and submitted the case to a jury for the sole purpose of determining the amount of damages to be assessed against the defendant; or (b) should have granted plaintiff a new trial because the verdict is manifestly against the weight of the evidence; and (c) the jury was improperly instructed as to the law applicable to the issues involved.

 There is no question that the trial court had the power to enter judgment for the plaintiff finding

the defendant guilty and granted a new trial on the question of damages only. Recent cases have done this, where the evidence established, as a matter of law, that defendant was negligent and the plaintiff not contributorily negligent. Betzold v. Erickson, 35 Ill App2d 203, 182 NE2d 342; Ceeder v. Kowach, 17 Ill App2d 202, 149 NE2d 766. However, if there is any evidence, however slight, of contributory negligence on the part of the plaintiff, a question of fact is presented and it must be presented to a jury for determination. The plaintiff must sustain his burden of proving due care and caution on his part. That is a question pre-eminently for the jury. Conner v. McGrew, 32 Ill App2d 214, 219, 177 NE2d 417. In the case of Piper v. Lamb, 27 Ill App2d 99, 169 NE2d 164, this court said: "The general rule is that negligence and contributory negligence are questions of fact for the jury, and so long as a question remains whether either party had performed his legal duty or has observed that degree of care imposed upon him by the law, and determination of question involves weighing and consideration of the evidence, the question must be submitted as one of fact. Peterson v. Hendrickson, 335 Ill App 223, 81 NE2d 266. Even where the facts are admitted or undisputed but where a difference of opinion as to the inference that may legitimately be drawn from them exists, the questions of negligence and contributory negligence ought to be submitted to the jury—it is primarily for the jury to draw the inference. Denny v. Goldblatt Bros., Inc., 298 Ill App 325, 18 NE2d 555; Cloudman v. Beffa, 7 Ill App2d 276, 129 NE2d 286; Pantlen v. Gottschalk, 21 Ill App 2d 163, 157 NE2d 548. In the case of Cloudman v. Beffa, 7 Ill App2d 276, at page 284, 129 NE2d 286, the court said that as long as a question remains whether either party had observed that degree of care and caution imposed upon him by law, and the determination of the question involves the weighing and

consideration of the evidence, the question must be submitted as one of fact."

■ In this case, Lowe, the guest passenger, admitted he saw the Knudson car weaving and it was weaving considerably. He didn't say anything to Carter when Carter started to pass, and didn't pay any attention to the Knudson automobile after it went partially off the road. His testimony was that after Carter went into the south lane and started to pass, he didn't pay any further attention to the Knudson automobile.

In the light of this testimony this court cannot say as a matter of law that the plaintiff was not guilty of contributory negligence. Rather, it presents a question from which a difference of opinion may legitimately be drawn as to whether there was any contributory negligence on the part of the plaintiff, and such a question must be submitted to the jury.

■ ■ As to the second point urged by the plaintiff, that the verdict of the jury was against the manifest weight of the evidence, the court must agree with the plaintiff. On this point, the decisions of our courts as to the duty of the reviewing court to reverse and remand where the verdict is against the manifest weight of the evidence are so numerous and the law so well settled that a citation of authorities is unnecessary.

Since the cause will be reversed and remanded for a new trial, the third question, that of instructions, need not be considered.

Reversed and remanded.

CARROLL and ROETH, JJ., concur.