Mildred Turner, as Administrator of the Estate of Donna Turner, Deceased, Plaintiff-Appellant, v. James Seyfert, Defendant-Appellee.

**Gen. No. 10,473.**

Third District.

December 6, 1963.

Unger & Litak, both of Danville (John Unger, of counsel), for appellant.

Foreman, Meachum & Clapper, all of Danville, for appellee.

REYNOLDS, J.

Donna Turner, a six-year-old child, was killed near the mailbox in front of her home when struck by an automobile driven by James Seyfert. The roadway was a blacktop highway, approximately 20 feet in width, and fairly level at the place of the accident. The weather was clear and the pavement dry. The time was about 9:00 o'clock a. m. Seyfert was driving north on the highway at a speed estimated at from 60 to 80 miles per hour. Seyfert skidded 462 feet, veering from the center of the northbound lane partly into the southbound lane, then back into the northbound lane to the place where the Seyfert automobile stopped, approximately 500 feet from the point where

the child was struck. The cause was tried before a jury and the jury returned a verdict for the defendant. The plaintiff appeals.

The plaintiff contends that the evidence clearly established the defendant's negligence as a matter of law and that the trial court should have granted a motion for judgment notwithstanding the verdict, or in the alternative a new trial, because the verdict and judgment was against the manifest weight of the evidence; that there was no evidence of contributory negligence and that the trial court erred in giving two instructions on contributory negligence.

The facts are fairly well established and only the speed of the defendant's automobile and the position of the child on the highway is not clear. Photographs introduced show the highway sloping slightly downward to the north where the accident occurred. It was established that defendant had a clear view of the highway at the mailbox where the accident occurred for some 500 feet to the south as he approached the point of collision. He met and passed a car about 150 feet south of the mailbox.

The automobile driven by the defendant was in good mechanical condition. The tires were good and the brakes had been checked a short time before the accident. A mechanic testified he had worked on the car and it was in good condition. The speedometer was broken, but this appeared to be the only mechanical failure of the Seyfert automobile. Some of the witnesses place the child in the middle of the highway, others in the northbound lane. Defendant claims he swerved to the left to avoid her. There was a mark, which might have been a mark caused by a sudden swerve of the defendant's car, just south of the mailbox, but this was not clearly connected. Defendant's car had a broken right front headlight, and a broken windshield on the right side. The child was tossed in

the air and her body was on the hood of the defendant's automobile when it was stopped. Her shoes were found to the east of the highway a short distance from the mailbox, and her scarf on the highway.

The evidence showed that there were four families living in the immediate neighborhood and three of them had small children. The defendant had worked with his father on the Turner farm the year before and knew the Turner family, and knew that the children lived along the highway.

Immediately before the accident, Donna Turner, aged 6 years, Christine Clem, a neighbor's child, aged 8, Ava Turner, sister of Donna, aged 10, and Stephen Turner, brother of Donna, aged 6, were standing by the highway, about to cross it to go to a bridge nearby to collect rocks for a school project. The children waited until a southbound automobile passed, and Donna started across the road. Christine and Ava called to her to stop and she did stop, in the center or near the center of the highway. While stopped there she was struck by the automobile driven by Seyfert.

The evidence showed that Donna's parents had instructed the children to play in their yard and did not allow them to play on the highway; that they were busy with early morning activities and had checked to see what the children were doing and where they were shortly before the accident.

The plaintiff contends that the defendant was guilty of negligence as a matter of law and that the trial court should have granted plaintiff's motion for judgment notwithstanding the verdict or granted a new trial. Plaintiff asks this court to reverse the judgment and remand for a new trial solely on the question of damages. Plaintiff further contends that the judgment is contrary to the manifest weight of the evidence and should be set aside and a new trial ordered.

■ A motion for judgment notwithstanding the verdict or a motion for a directed verdict is only granted where the evidence is such that all reasonable minds would agree that the other party was negligent or that the negligence contributed proximately to the accident. Negligence does not become a question of law alone unless the acts constituting it are of such character that all reasonable men would concur in pronouncing it so. McDonald v. Stiner, 342 Ill App 651, 97 NE2d 573; Wallis v. Villanti, 2 Ill App2d 446, 452, 120 NE2d 76; Johnson v. Skau, 33 Ill App2d 280, 179 NE2d 40; Nutwood Drainage & Levee Dist. v. Mamer, 10 Ill2d 101, 139 NE2d 247. When the evidence is all in, and a motion for a n. o. v. or for a directed verdict is made by the plaintiff, the trial court must consider all of the evidence in its aspect most favorable to the defendant, together with all reasonable inferences to be drawn therefrom, and if when so considered there is any evidence standing alone and considered to be true, together with the inferences that may legitimately be drawn therefrom, the court should not grant the motion. Johnson v. Skau, 33 Ill App2d 280, 284, 179 NE2d 40. In this case, the defendant was proceeding northward on an improved highway. He puts his speed at 60–65 miles per hour. He is meeting a car and this car may or may not have prevented his seeing the children by the side of the road. According to the testimony of Christine Clem, Donna ran out behind the southbound car. According to the testimony of Ava Turner, right after the southbound car passed them Donna ran out. This court cannot say, as a matter of law, that the defendant was negligent. The refusal to direct a verdict or to enter a judgment n. o. v. was not error.

■ As to the contention of the plaintiff that the verdict was against the manifest weight of the evidence, a different question is involved. While the

285

courts have been reluctant to override the verdict of a jury as to a question of fact, it is well settled that in proper cases the courts will not only reverse the findings of a jury, but that the courts have a duty to do so. However, for the reviewing court to substitute its judgment for that of a jury the verdict must be against the manifest weight of the evidence, that is, an opposite conclusion is clearly evident. Niman v. Pecatonica Livestock Exchange, Inc., 13 Ill App2d 144, 141 NE2d 649; Arboit v. Gateway Transp. Co., 15 Ill App2d 500, 146 NE2d 582. It is not sufficient that a jury might have drawn different inferences, or that the reviewing court might have reached a different conclusion. Palmer v. Poynter, 24 Ill App2d 68, 163 NE2d 851; Kahn v. James Burton Co., 5 Ill2d 614, 126 NE2d 836. In the case of Vasic v. Chicago Transit Authority, 33 Ill App2d 11, 180 NE2d 347, in discussing the question of a verdict against the manifest weight of the evidence, the court said:

> "A court of review in passing on the question of whether the verdict is against the manifest weight of the evidence must take into consideration not only the verdict of the jury but the fact that the trial judge also saw and heard the witnesses, heard arguments of counsel, and then denied the motion for new trial. Mokrzycki v. Olson Rug Co., 28 Ill App2d 117, 170 NE2d 635. In order for the court to determine that the verdict is against the manifest weight of the evidence an opposite conclusion must be clearly evident or the jury's verdict palpably erroneous and wholly unwarranted from the manifest weight of the evidence. Benkowsky v. Chicago Transit Authority, 28 Ill App 2d 257, 171 NE2d 416. . . ."

And there are a great number of recent cases that reiterate the rule that a disputed question of fact,

which involves the weighing and consideration of the evidence, is primarily for the jury to decide. Lowe v. Gray, 39 Ill App2d 345, 188 NE2d 890; Ney v. Yellow Cab Co., 2 Ill2d 74, 117 NE2d 74. If it is a question of fact as to the negligence of the defendant, or the contributory negligence of the plaintiff, the verdict of the jury will only be overruled by the reviewing court where clearly and palpably erroneous. Lurie v. Newhall, 333 Ill App 173, 76 NE2d 813; Wallis v. Villanti, 2 Ill App2d 446, 120 NE2d 76.

Applying the rules of the above cases to the facts presented by the evidence in this case, two questions must be decided. 1. Was the defendant clearly negligent? 2. Was Max Turner, Mildred Turner or Ava Turner or either of them guilty of contributory negligence? A careful reading of the evidence fails to show any fact, upon which even an inference could be drawn, that either the mother, the father or the 10-year-old sister were negligent. The child Donna, being only six years old, cannot under Illinois law be guilty of contributory negligence. The parents were not required to keep a constant watch over the children (City of Chicago v. Hesing, 83 Ill 204; Crutchfield v. Meyer, 414 Ill 210, 111 NE2d 142) nor can the want of constant care be imputed as negligent conduct.

On the morning Donna was killed the mother had six children to take care of, ranging from six years to fifteen years. The father was getting ready to go to work. They both had cautioned the children not to play outside their yard. They had checked up on the children about fifteen or twenty minutes before the accident happened and at that time Donna and some of the other children were playing in the front yard.

Since Donna was incapable of contributory negligence and there was no evidence of negligence on the part of the parents, any contributory negligence must rest upon the ten-year-old sister Ava. She was play-

287

ing with Donna, Steve and the neighbor's child, Christine Clem. The four children were going to a nearby bridge to get rocks for a school project. The four of them waited by the side of the highway until a southbound car passed them. Donna then started across the road. Ava yelled to her to stop because she didn't want her to cross the road without her. Christine Clem also yelled to Donna to stop. Ava didn't have time to run after Donna before the car driven by Seyfert struck Donna. Without taking into consideration the age of Ava, there still is no evidence of negligence on her part, unless it is mandatory that she hold to her little sister at all times. That, of course, is not the law. As a matter of law, since there is not a shred of evidence to prove it, there was no contributory negligence on the part of the parents of Donna or her sister Ava.

As to the negligence of the defendant, it was established that he knew the neighborhood, knew there were children living along the highway, was on a straight road and was traveling at a high rate of speed. He said he was traveling between 60 to 65 miles per hour. The State Troopers testified he told them he was traveling 65 to 70 miles per hour. The driver of the southbound car who waved to the defendant estimated the speed at 60 to 65. One witness living along the road to the south estimated the speed at 80 miles per hour. But the two most eloquent witnesses were the two skid marks extending from some twenty-five or thirty feet from the so-called "whip marks" a distance of four hundred sixty-two feet in two continuous lines. The defendant estimated his speed because the speedomoter was broken. But these two skid marks testify to terrific speed. As counsel for the plaintiff stated in oral argument before this court, that is as long as a football field and half again as long, over one hundred fifty yards of skidding on a

dry pavement with good tires and brakes in good working condition. The mute testimony of these two skid marks 462 feet long completely refutes the testimony that Seyfert was traveling sixty, or even seventy miles per hour. They testify he was traveling at a terrific rate of speed. The speed limit for automobiles in Illinois is 65 miles per hour, under any condition. If the defendant was traveling at a greater speed and it seems clear that he was, he was violating Section 146 of Chapter 95½ Illinois Revised Statutes (1961) in that he was driving at a speed greater than is reasonable and proper with regard to traffic conditions and the use of the highway, and was endangering the safety of Donna Turner.

■ ■  While it is true, as stated so many times, that the reviewing court may not substitute its judgment for the judgment of the jury, yet the reviewing court has a duty to reverse and remand where the verdict is so clearly against the manifest weight of the evidence, as in this case. Lowe v. Gray, 39 Ill App2d 345, 188 NE2d 890. It may be argued that speed alone is not sufficient. Add to the excessive speed shown the fact that he was familiar with the area, knew there were small children living along there, that it was bright and clear and unless the car coming from the north momentarily blocked his view, saw or should have seen the four small children at the side of the road and should have taken such precautions to protect them. In the opinion of this court the verdict of the jury is clearly and palpably against the weight of the evidence.

■  The plaintiff contends that there was no showing of contributory negligence and that the giving of Defendant's Instructions No. 8 and 14 constituted reversible error. Defendant's Instruction No. 8 is a combination of IPI No 11.01 and IPI No 10.05, but substituting in the language of No 10.05 the words "con-

tributory negligence" for the words "ordinary care." In this combination instruction, three of the next of kin, the mother, the father and the sister Ava are named, but the other Turner children are not named. Defendant's Instruction No. 14 is IPI No 31.04 and again names the father Max Turner, the mother Mildred Turner and the sister Ava Turner, aged 10 years.

For these instructions to be proper there must be some evidence as to contributory negligence on the part of someone. The evidence as to Max Turner's movements the morning of the accident must be from his own testimony. He stated two of the children were up when he got up to make a cup of coffee and that the Clem girl came down and the children wanted to play. That he told them to stay in the yard. That his wife had gotten up by then and they proceeded to make breakfast for the children. That at the time of the accident he was in the kitchen. That Donna had been outside for about half an hour. That after the children had been outside about ten or fifteen minutes he checked on them and they were playing in the front yard, which was fenced from the highway. Mr. Turner testified he did not let Donna play outside. That he had warned the children not to go across the road and to stay in the yard and that his wife had told them the same thing. Mrs. Turner testified that at the time of the accident she had six children, ranging from six years to fifteen. She testified Donna had gone across the road at times to play, but that she and Mr. Turner had told the children to stay in their own yard. That on the morning of the accident she was preparing breakfast. She hadn't been up too long. She saw two of her boys high jumping in the yard below the house. Donna and the others were out in front. Donna came in to ask if breakfast was ready. She had observed Donna in back of the house earlier.

Because there is no evidence of contributory negligence the giving of Defendant's Instructions Nos. 8 and 14 was error. Crutchfield v. Meyer, 414 Ill 210, 111 NE2d 142. In holding this to be error, this court is not unmindful of the holdings of our courts that a litigant may try his case upon his theory of the case. However, whatever his theory, it must be supported by some evidence. Here there was no evidence of contributory negligence on the part of the parents or the ten-year-old sister.

Juries, as a rule, are not composed of persons experienced in the rules and procedures of a court of law. They are, for the most part, men and women who are called upon to perform a once-in-a-lifetime duty. The surroundings are strange to them and they look to the trial court for the law they must follow in reaching a verdict. They attach to and give great weight to the instructions given them by the court. For this reason, it is imperative that no issue which is not supported by evidence be brought into the case by the instructions. To do so confuses the jury and tends to cloud the other issues properly before the jury.

Reversed and remanded for new trial.

CARROLL, P. J. and ROETH, J., concur.