Eugene J. Strasma, Individually and as Administrator of the Estate of Thomas Eugene Strasma, Deceased, Plaintiffs-Appellees, v. Wilbert E. Lemke, Defendant-Appellant.

Gen. No. 11,006.

Fourth District.

August 12, 1969.

Stifler & Snyder, of Danville (Thomas C. Stifler, of counsel), for appellant.

Mitchem, Hendrix & Aldeen, of Urbana (Charles W. Hendrix, of counsel), for appellees.

TRAPP, P. J.

Defendant appeals judgments entered upon jury verdicts in favor of plaintiff, as administrator, in the sum of $10,000, and in favor of plaintiff, individually, for funeral expenses in the sum of $684.26. The trial court denied defendant's post-trial motions.

The complaint alleged negligence in terms of lookout, speed and control of defendant's automobile. There are no issues raised upon the pleadings or instructions.

Issues urged upon appeal are (1) that as a matter of law defendant is not shown to be liable, (2) that under the evidence decedent and (3) decedent's parents were guilty of contributory negligence, and (4) that the trial court erred in admitting hearsay evidence which was improper in the determination of pecuniary damages suffered. Upon the latter issue, it is not contended that the

verdict is excessive, and it is therefore unnecessary to review the question argued.

Plaintiff's son, aged seven years, ten months, died as the result of being struck by defendant's automobile on July 1, 1965. Defendant was driving south on a two-lane state highway (Route 1) in his proper westerly lane of traffic at between 55 and 60 miles an hour. The area was rural and the speed limit was 65. The automobile was almost new and in good condition.

Decedent resided with his parents, whose home was situated about 150 yards east of the highway. The mailbox for the home was approximately opposite plaintiff's driveway, some 8 feet west of the highway. At about 10:30 a. m. the lad went to get the mail while his mother was seated on a front porch facing toward the mailbox. Decedent rode his bicycle to a place near the end of the driveway, left his bicycle and walked to the highway. The evidence is that he waited for several cars to pass and proceeded across the road to the mailbox. He had performed this chore for about a month.

Defendant testified concerning certain railroad tracks extending northeasterly and southwesterly crossing the highway at an angle. Such crossing is 143 feet north of the mailbox. There are electric flashing signals at the crossing. He testified that it was necessary to look over his shoulder at an acute angle to the northeast to watch for trains which might approach from his left. He made such observation, but testified that he did not see the boy at any time until his car was nearly at the mailbox. He then saw decedent in front of his car, swerved to the left and applied his brakes. There is evidence that the boy was struck about 3 feet east of the west edge of the slab, immediately to the east of the mailbox.

Defendant's car was stopped in the left-hand, or easterly traffic lane, facing south. The boy's body was in front of the car in the west traffic lane. A State Police offi-

cer testified that the car stopped 48 feet south of the mailbox and that tire skid marks on the pavement extended 11 feet back from the car.

A witness, Miles, called by the plaintiff, was approaching the scene from the south at a point which was shown to the jury on a photograph, but no distance is stated in this record. Miles saw defendant's car approaching the mailbox and observed the boy close to the mailbox, turn and look to the south and then start across the highway. The witness could not say whether the boy looked to the north.

A witness, Screech, was driving behind the defendant. He testified that he was some 220 yards behind the defendant, and that defendant was traveling in his proper traffic lane at a speed of about 65 miles an hour. The witness testified that he did not see the boy at the mailbox until just before the impact when he observed a "shadowy figure" move in front of defendant's car and observed mail fly up into the air. His testimony suggests that a group of trees to the southwest of the mailbox created a condition of camouflage which made it difficult to see the boy. This condition was not described in detail other than as a more or less incidental remark.

Defendant urges that the rule is that a motorist driving at a reasonable rate of speed in his proper traffic lane is not, and should not be, liable for injuries to a child that darts suddenly in front of the car—that this is particularly true where the travel is upon a high-speed highway in open country at a place where children are not to be expected crossing. The proposition is stated substantially in language employed in Morrison v. Flowers, 308 Ill 189, 139 NE 10 (1923), and again in Piechalak v. Liberty Trucking Co., 58 Ill App2d 289, 208 NE2d 379 (1965). The rule stated is that there is no inference of negligence from the fact that a child crossing the street is struck by a vehicle, but that there must be evidence of

a driver's negligence from testimony of eyewitnesses, or fairly deducible from facts in evidence. Roberts v. City of Rockford, 296 Ill App 469, 16 NE2d 568 (1938); Piechalak v. Liberty Trucking Co., supra (1965). The authorities cited by the defendant, however, do not undertake to determine liability, or nonliability, as a matter of law, but rather hold that liability is a matter to be determined by the jury from the facts in evidence.

■ In such cases the verdict of the jury will be sustained unless such is contrary to the manifest weight of the evidence. Turner v. Seyfert, 44 Ill App2d 281, 194 NE2d 529; Payne v. Kingsley, 59 Ill App2d 245, 207 NE 2d 177; Deeke v. Steffke Freight Lines, 50 Ill App2d 1, 199 NE2d 442.

Upon review of the cases cited by the defendant for the proposition, the courts following such rule have affirmed verdicts for the defendant in Roberts v. City of Rockford, 296 Ill App 469, 16 NE2d 568; Brannen v. Fisher, 57 Ill App2d 64, 206 NE2d 458; Piechalak v. Liberty Trucking Co., 58 Ill App2d 289, 208 NE2d 379, while they have affirmed a verdict for the plaintiff in Morrison v. Flowers, 308 Ill 189, 139 NE 10.

■ Here the evidence, including the testimony of the defendant, is that his view was without obstruction as he approached the place of injury. While it is argued that the position of the trees southwest of the mailbox created a condition which explains failure of the defendant to see the boy, there is, in fact, no testimony by the defendant upon the point. Examination of photographs in evidence does not require a conclusion that it would be difficult to see decedent at the mailbox because of the alleged condition. Granting that defendant was endeavoring to look along the railroad tracks to the northeast, such action would be completed before crossing the tracks, which were some 143 feet north of the place where the boy was struck. He did stop his car in some 48 feet apparently without a previous slackening of

speed. It is not palpable error if the jury concludes that the defendant failed to exercise reasonable care in keeping a lookout, and sounding a horn. See cases 24 ALR3d 183, pp 223–228.

■■■■■ Defendant argues that there is no proof that decedent was in the exercise of ordinary care for his own safety, and, particularly, that there is no evidence that he looked to the north before crossing the highway. There is a presumption that a child between the ages of 7 and 14 is incapable of negligence and is not held to the same accountability as an adult. Kronenberger v. Husky, 38 Ill2d 376, 231 NE2d 385; Piechalak v. Liberty Trucking Co., 58 Ill App2d 289, 208 NE2d 379. The failure of a child of such years to look before crossing a street will not bar recovery as a matter of law. Morrison v. Flowers, 308 Ill 189, 139 NE 10. Such presumption may be rebutted by evidence of the child's negligent conduct if the jury is instructed to consider the mental capacity and experience of the child. See IPI 10.05. Whether a child is guilty of negligence which bars recovery is a question of fact for the jury. Kronenberger v. Husky; American Nat. Bank & Trust Co. v. Pennsylvania R. Co., 52 Ill App2d 408, 202 NE2d 79; Payne v. Kingsley, 59 Ill App2d 245, 207 NE2d 177.

■■■■■ The jury answered special interrogatories with findings that the parents were not guilty of contributory negligence. It is a jury question whether a parent, taking into account the age and capacity of the minor and the nature of the danger, is guilty of contributory negligence which bars recovery, and the jury's verdict must be sustained unless against the manifest weight of the evidence. Payne v. Kingsley, supra; Turner v. Seyfert, 44 Ill App2d 281, 194 NE2d 529; Crutchfield v. Meyer, 414 Ill 210, 111 NE2d 142.

■■■ Upon appeal, the reviewing court must consider all of the evidence together with the verdict of the jury and the fact that the trial court has denied a motion for

a new trial. Tihay v. Aurora City Lines, 79 Ill App2d 107, 223 NE2d 171.

The judgment of the trial court is affirmed.

Affirmed.

SMITH and CRAVEN, JJ., concur.