TARVIN PURDOM, Plaintiff-Appellant, v. ROY SWANSON, Defendant-Appellee.

(No. 70-49; ▮▮▮▮▮▮▮▮▮▮

Second District—November 12, 1970.

Peterson, Bogucki & Beck, William N. Siebert, of Chicago, for appellant.

Hartnett & Pease, of Waukegan, for appellee.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The plaintiff, Tarvin Purdom, was injured as a result of an accident that occurred at the intersection of Route 59 and Petite Lake Road in Lake County on July 29, 1968. Purdom brought suit against the owner of the automobile involved in the accident, Roy Swanson, and the driver, Valerie Swanson. Roy Swanson was dismissed from the suit during trial and the plaintiff appeals from a judgment entered in favor of Valerie Swanson.

Purdom was driving north on Route 59 on his Honda motorcycle around noon on July 29. He was on his way to Antioch and had driven on this road many times before since he lived only three or four miles away. Route 59 is a two lane highway at the area in question and it dips into a hollow approximately 330 feet south of Petite Lake Road. As he approached the intersection, Purdom observed the defendant's car about a quarter of a mile away proceeding south on Route 59. Purdom was traveling around 40 to 45 miles an hour and as he went into the dip he lost sight of oncoming traffic. As he came out of the dip he again saw the Swanson automobile about 300 feet away and he continued north at his same speed. Purdom testified that as he drove closer to the intersection he observed left turn signals on the automobile and that it began to turn left into his path when he was 50 to 75 feet away. Purdom applied his brakes and swerved to the right in an attempt to avoid the collision but his cycle hit the side of the automobile and he was thrown through the air and severely injured.

Two occurrence witnesses testified at the trial. Randy Debus, a college student who was acquainted with Purdom's daughter, testified for the plaintiff. Debus was driving south on Route 59 and was the second car behind Valerie Swanson. Debus stated he was about 100 feet north of Petite Lake when he first noticed Purdom's cycle approaching the dip. He estimated the speed of the cycle at between 40 to 50 miles an hour. Debus then saw Mrs. Swanson turn left onto Petite Lake and the col-

lision occur. He also testified that he saw the left turn directors signalling on the Swanson car about 100 to 125 feet north of the intersection and that Mrs. Swanson's speed was about 5 to 10 miles an hour as she made her turn.

John Gallagher testified for the defense and said that he was driving south on Route 59 immediately behind the Swanson car. Gallagher slowed down as he approaced the intersection since Mrs. Swanson had stopped, with her left turn signal on, to permit a northbound car to pass. As Mrs. Swanson started to turn, Gallagher first observed a head "come over the hill" from the other direction on Route 59. The "head" was Purdom emerging from the dip about 300 feet away. Gallagher was unable to estimate the speed of the cycle other than to say that the collision occurred "awful fast."

Valerie Swanson, who lived in the immediate area, said she had stopped at the intersection before her turn to let oncoming traffic through. She had turned on her directional signals at least 300 feet north of the intersection and they were still on as she started her turn. Before she turned, Mrs. Swanson looked to the south but did not see the motorcycle. She proceeded at about five miles an hour, heard a thud and saw Purdom, for the first time, fly through the air.

The other evidence was that Purdom was 40 years old and although he had only one eye he testified that he had no problems with depth perception. He wore a red protective helmet and his Honda was painted black. Photographic exhibits corroborate other evidence that large trees grew on the side of the road and cast heavy shadows at the intersection on a sunny day like July 29. The photographs and the testimony also disclose that the dip south of the intersection obscures traffic from the other direction for the short span a vehicle would be in the dip.

■■■ The plaintiff here contends that the trial court erred in its denial of his motion for a new trial since the verdict of not guilty returned by the jury was not sustained by the greater weight or preponderance of the evidence. A motion for a new trial is addressed to the discretion of the trial court and will not be disturbed unless it appears that the discretion has been abused. (*Skiba v. Ruby,* 113 Ill.App.2d 170, 173.) The existence of negligence by the defendant or contributory negligence by the plaintiff are ordinarily questions of fact for the determination of the jury. (*Brichacek v. Hampton,* 54 Ill.App.2d 284, 290.) The plaintiff maintains, however, that the testimony of two occurrence witnesses that they saw the plaintiff before the collision and the testimony of the plaintiff that he saw the defendant when considered with the undisputed fact that the defendant made a left hand turn in front of the plaintiff clearly shows that the verdict was not supported by the preponderance of the evidence.

■■ Although most of the facts of the accident were undisputed there was some slight conflict in the testimony, particularly in relation to the existence of shadows at the intersection. Even if all the facts were undisputed, however, the matter should have been left to the jury if a difference of opinion could exist as to the inferences that could be legitimately drawn from them. (*Carter v. Winter*, 50 Ill.App.2d 467, 477; *Lowe v. Gray*, 39 Ill.App.2d 345, 350.) The facts of this case are such that a difference of opinion could exist as to the degree of care exercised by the plaintiff under the circumstances and the refusal of the trial court to grant a new trial was clearly within its sound discretion.

■■■ It is also contended that this court should reverse the verdict since it was against the manifest weight of the evidence. A court of review can reverse a verdict as against the manifest weight of the evidence where it appears that an opposite conclusion is clearly evident or the jury's verdict palpably is erroneous and wholly unwarranted from the manifest weight of the evidence. (*Johnson v. Central Tile & Terrazzo Co.*, 59 Ill.App.2d 262, 273, 274; *Vasic v. Chicago Transit Authority*, 33 Ill.2d 11, 11e.) A verdict will not be disturbed simply because another jury or the judge might have reached a different conclusion. We cannot conclude that the verdict returned in this case was wholly unwarranted from the manifest weight of the evidence. Accordingly, the judgment of the trial court will be affirmed.

Judgment affirmed.

DAVIS, P. J., and SEIDENFELD, J., concur.