RICHARD A. SHELEY, Individually and as Adm'r of the Estate of Hope Sheley, Deceased, Plaintiff-Appellee, *v.* GERALDINE GUY, Defendant-Appellant.

(No. 12474; )

Fourth District—June 19, 1975.

*Rehearing denied July 22, 1975.*

362

SIMKINS, P. J., dissenting.

Pree and Pree, of Springfield, and Edwin C. Mills, of Lincoln (Ronald W. Olson and Edward G. Pree, of counsel), for appellant.

Harris & Harris, of Lincoln, and Jerome Mirza and Associates, Ltd., of Bloomington (Jerome Mirza, of counsel), for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendant appeals from a judgment entered on the jury verdict against her and in favor of the plaintiff for the wrongful death of plaintiff's intestate, a 4-year-old child who died shortly after being struck by the defendant's car. The issues before us are: (1) Whether the trial court erred in failing to grant defendant's motions for a directed verdict and judgment notwithstanding the verdict because defendant was not guilty of negligence as a matter of law; (2) whether the trial court erred in refusing to give defendant's instruction pertaining to alleged contributory negligence of the deceased child's mother; and (3) whether the trial court improperly failed to grant defendant's motion for a mistrial when plaintiff's counsel made remarks in his closing argument allegedly implying to the jury that insurance was available to relieve whatever obligation might be placed on defendant.

The defendant contends that her motion for a directed verdict should have been granted or judgment notwithstanding the verdict entered because she was not guilty of negligence as a matter of law. Defendant's reasoning is that there was no evidence that she was violating the speed limit or any traffic law, she never saw the child prior to impact, nor was she even aware of the accident until her passenger told her, so, while a very unfortunate accident occurred, there was no act on her part from which a jury could find negligence so as to make her liable for the death of the child.

The accident occurred in the town of New Holland a little after 4 P.M., with visibility good and the pavement dry and clear. The defendant, accompanied by one Mrs. Tackman, was driving a car north on Route 10, which is a narrow road (18 feet wide) carrying moderate to heavy traffic through the town of New Holland. The speed limit is 30 MPH, and various witnesses place defendant's speed between 15 and 30 MPH. As the defendant's northbound vehicle approached the intersection of Pekin Street, the passenger (Mrs. Tackman) observed a small child running in a southerly direction on the sidewalk on the east side of the highway. The evidence does not establish whether or not this was the decedent. The defendant testified that at no time did she see a

child. At a point approximatly 38 feet north of the intersection of Route 10 and Pekin Street, an impact occurred between the child and defendant's automobile. No one actually saw the impact, but several witnesses testified that they heard a "thump" and several testified that immediately prior to the impact, the child was standing alongside the road about 1 foot east of the pavement, apparently waiting to cross. A State trooper who happened to be driving several cars behind the defendant testified that after the impact, the child's body was approximately 5 feet from the edge of the highway. The investigating trooper testified that the defendant's car was covered with road film, and the only place this film was disturbed was a spot on the rear fender, approximately 27 inches in front of the right rear bumper and 25 inches above ground level. Mr. Hedrick, one of the witnesses who heard a thump which he said sounded like a blowout, was driving a truck and was passing the defendant's car going in the opposite direction at the time he heard the noise. He glanced in his rear view mirror and saw defendant's car veer to the right immediately after hearing the thump. The witness Sue Aldag testified that she also heard a thump at the time of the impact, and that she also saw the car swerve but could not say whether this occurred before or after the impact. The defendant testified that she did not swerve her car prior to or at the time of impact, but pulled partially off the road immediately thereafter. There was no evidence that defendant's car left the paved surface of Route 10 prior to or at the time of the impact. In summary it may be said that inasmuch as no witness actually observed the impact between the child and defendant's car no one is certain how the accident occurred. Defendant argues that the child must have run into the rear fender of her automobile, while plaintiff contends defendant struck the child while swerving to avoid Hedrick's truck. The testimony was that the truck was 8 to 8¼ feet in width, and each lane of Route 10 was 9 feet in width. There is no evidence that any portion of the truck was over the center line of the highway.

Richard Sheley, the father of the decedent, testified that he was on his way home from Champaign when the accident occurred and that his wife was in charge of the child. He stated that there was frequent and constant traffic on Route 10 day in and day out. He testified that they frequently allowed their daughter to cross Route 10, but never by herself and unattended, but only after they escorted her to the edge of the pavement. Sheley also testified that the "practice" was as follows, when the child returned from the opposite side of the road:

"When our daughter would start home she would stand on the other side of the road, the east side of the hardroad, and would

yell for someone to help her across the hardroad. That was always her practice unless there was someone around to say 'Come on home, Hope'."

Nancy Sheley testified that on the day in question the child asked to go across the street to play with a friend. She took Hope by the hand, walked her to the corner and thought that she accompanied her across the street. Mrs. Sheley then returned to their home and was engaged in preparing the evening meal when notified of the accident.

We do not agree with defendant's contention that merely because she was not shown to have been violating any traffic laws, and did not see the child at any time, that there was no question of fact for the jury. The speed of defendant's automobile was placed between 15 MPH and 30 MPH by the various witnesses. Three witnesses said the child was standing 1 foot from the highway, defendant's passenger said that shortly earlier a child was running south on the sidewalk, and there was evidence that at some point the defendant's car swerved towards the side of the road. Photographs in evidence show a clear view of the intersection and roadside and the defendant admits she knew that many young children resided in the area, and testified she kept "extra special" lookout for young children near the intersection; yet, the defendant never saw the decedent until after the impact. Whether an individual has been guilty of negligence is a question of fact, and evidence on that matter is addressed to the jury. In *Kahn v. James Burton Co.*, 5 Ill.2d 614, 126 N.E.2d 836, the court stated that questions concerning one's care, another party's alleged negligence, the proximate cause of such injured party's injuries and damages are preeminently questions of fact for the jury to determine, and that a jury's finding should not be set aside unless against the manifest weight of the evidence. In this case, there was a real dispute as to whether the defendant was maintaining a proper lookout at the time of the accident and whether or not the defendant swerved and struck the child or the child ran into the car. The trial court quite properly denied the defendant's motion for directed verdict and for judgment notwithstanding the verdict and for judgment notwithstanding the verdict in view of the evidentiary posture of this case. *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill.2d 494, 229 N.E.2d 504.

The defendant offered an instruction predicated upon the proposition that the evidence demonstrated the mother's failure to properly supervise the child. The instruction, IPI—Civil No. 31.08, advised the jury that if they found that the mother negligently contributed to the cause of the death of the decedent, such would preclude the mother from participating in any award made.

■■ The trial court refused this instruction and upon appeal it was urged that such was error. The tendered instruction is predicated upon the provisions of section 2 of the Wrongful Death Act. (Ill. Rev. Stat. 1971, ch. 70, § 2.) Contributory negligence of any person entitled to share in an award does not relate to liability, but simply precludes the contributorily negligent relative from sharing in the recovery, and the amount of damages shall not include compensation for such person.

■■ The negligence, if any, on the part of the mother cannot be imputed to the decedent. *Duffy v. Cortesi*, 2 Ill.2d 511, 119 N.E.2d 241; *Rahn v. Beurskens*, 66 Ill.App.2d 423, 213 N.E.2d 301.

■■ By its language the tendered and refused instruction applies to the amount of damages and the mother's right to participate in the award. There is no contention made upon this appeal that the damages awarded by the jury were in any way excessive. We see no reason why this offered instruction does not fall within the often stated rule that evidence or instructions going to the measure of damages where the amount awarded is not questioned as excessive must be viewed as harmless error. *Aledo Terminal Ry. Co. v. Butler*, 246 Ill. 406, 92 N.E. 909; *Fugate v. Sears, Roebuck & Co.*, 12 Ill.App.3d 656, 299 N.E.2d 108; *Strasma v. Lemke*, 111 Ill.App.2d 377, 250 N.E.2d 305; *Slovinski v. Beasley*, 316 Ill.App. 273, 45 N.E.2d 42.

■■ Furthermore, the defendant made no objection to the submission of plaintiff's instruction number 28 (IPI—Civil No. 31.01, modified) which advised the jury to fix their award in an amount "which will reasonably and fairly compensate the father, mother, brother and sister of the decedent for the pecuniary loss proved by the evidence to have resulted to them from the death of the decedent." Having accepted this instruction, it may be said that the defendant waived her right to object to the mother's sharing in the proceeds of the judgment.

■■ Upon this appeal, the defendant also complains that mistrial should have been declared when plaintiff's counsel made remarks in the closing arguments which purportedly referred to the presence of insurance. The trial court wrote a memorandum on this issue in his ruling on the post-trial motion indicating his belief that the statement made in closing argument was improper, but that it was given in response to defendant's argument improperly seeking sympathy for the defendant. The trial court thus found that the statements were provoked and further that any error was cured by the court's admonition to the jury with reference to the arguments of counsel. Upon our review of the record, we agree with the ruling and the reasons assigned for the ruling of the trial court.

■■ Defendant's brief mentioned several other issues concerning the

propriety of evidentiary rulings. These issues were not briefed nor argued and are waived. (Supreme Court Rule 341(e)(7) (Ill. Rev. Stat. 1973, ch. 110A, § 341(e)(7)).) The judgment of the circuit court of Logan County should be and the same is affirmed.

Judgment affirmed.

SMITH, J., concurs.

Mr. PRESIDING JUSTICE SIMKINS, dissenting:

The mother was in charge of the child on the day in question. This is not the case of a child wandering from an unfenced yard into or near a busy street. Rather the issue is the mother's established course of conduct and supervision, and the "practice" involved in recrossing the street or road. It is her alleged lack of supervision, her knowing acquiescence in the procedure which raises the question. The fact that she accompanied the child to the corner on the day in question and either directed her crossing or escorted her across the street and had done so on previous occasions demonstrates her awareness of the dangers involved. She was also aware that the child, 4 years of age, in endeavoring to recross the street, would stand beside the road waiting for assistance. That, indeed, was the practice.

Whether Nancy Sheley was exercising proper supervision and control over the child in light of all the attendant facts and circumstances, including the age and capacity of the minor and the nature of the danger to which the child was exposed, was a question of fact for the jury. *Payne v. Kingsley*, 59 Ill.App.2d 245, 207 N.E.2d 177; *Strasma v. Lemke*, 111 Ill.App.2d 377, 250 N.E.2d 305.

The defendant's post-trial motion explicitly raised the question of excessiveness of damages in connection with the trial judge's refusal to give the instruction, and the failure to give the instruction is assigned as error here. Since the instruction goes only to the issue of damages it seems to me that the refusal to meet the question is predicated on a stringently applied technicality consisting of the failure of defendant to use one magic word. I would affirm on the issue of liability, reverse the finding on damages and remand for a new trial on that issue. It was error to refuse the instruction.