MICHAEL PROBUS, a Minor, by Thomas Probus, his Father and Next Friend, Plaintiff-Appellee, *v.* RUTH P. BROWN, Defendant-Appellant. —(DANA E. DONALDSON, a Minor, Defendant.)

(No. 13069; ▮▮▮▮▮▮▮▮▮▮)

Fourth District—November 20, 1975.

Fred B. Moore, of Livingston, Barger, Brandt, Slater & Schroeder, of Bloomington, for appellant.

Markowitz, Lawrence, Lenz, Jennings and Naylor, of Bloomington, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Plaintiff Michael Probus, a minor, by his father Thomas Probus, sued Dana Donaldson and Ruth Brown for injuries suffered when a car driven by Donaldson, in which plaintiff was a passenger, collided with Brown's car. The jury returned a verdict of $32,500 in favor of the plaintiff as against defendant Brown, and a verdict for defendant Donaldson. Brown appeals, alleging she was prejudiced by the court's instructions.

The circumstances of the accident are not in dispute. Defendant Donaldson's automobile was northbound at about 45 miles per hour, the applicable speed limit. The auto entered an intersection where it was struck by defendant Brown's automobile. It is uncontradicted that Donaldson had a green light when he entered the intersection. Brown who had been southbound likewise entered the intersection on the green light, and turned east into the path of Donaldson's vehicle. Brown was ticketed for failure to yield the right-of-way and conceded at trial that her turn was improper.

Brown's first contention on appeal was that the trial court improperly rejected the plaintiff's instruction:

> "The fact that the speed of a vehicle does not exceed the applicable maximum speed limit does not relieve the driver of his duty to decrease speed when approaching and crossing an intersection,"

and gave instead the more general instruction:

> "No vehicle may be driven upon any highway of this State at a speed which is greater than is reasonable and proper with regard to traffic conditions and the use of the highway, or endangers the safety of any person or property. The fact that the speed of a vehicle does not exceed the applicable speed limit does not relieve the driver from his duty."

While we are inclined to agree the trial court erred in rejecting the specific instruction on duty to reduce speed at an intersection, we cannot agree that Brown was prejudiced thereby. The instruction was relevant only on the question of Donaldson's negligence, and would at most have led to a verdict establishing joint liability. As joint tortfeasors, Brown and Donaldson would have been severally liable to plaintiff with no right of contribution as against one another. (*Carver v. Grossman*, 55 Ill.2d 507, 305 N.E.2d 161.) Consequently, even conceding error in the refusal of plaintiff's proffered instruction, defendant Brown was not prejudiced thereby and reversal would not be in order. *Duffy v. Cortesi*, 2 Ill.2d 511, 119 N.E.2d 241.

Brown next contends it was error to allow an instruction that permitted

the jury to consider lost wages in arriving at a verdict, since the evidence of plaintiff's earnings was speculative. The instruction to which Brown takes exception was:

> "If you decide for the plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damage proved by the evidence to have resulted from the negligence of the defendant \* \* \* the value of earnings lost."

■■ The testimony established that plaintiff worked part-time in a grocery store at $1.85 an hour prior to the accident and that he did not work for some months thereafter. While Brown is correct in contending it would have been impossible to compute the actual amount of wages lost, it is unlikely the passing references to lost income were relevant in the jury's considerations. Moreover, this error could only have gone to the amount of damages and Brown makes no claim on appeal that the damages were excessive. Errors in evidence or instructions going to the measure of damages must be viewed as harmless where there is no allegation of excessive damages. *Sheley v. Guy*, 29 Ill.App.3d 361, 330 N.E.2d 567.

■■ Brown last contends it was error to refuse the following instruction:

> "In considering the extent of plaintiff's injury, you may consider, together with all other facts and evidence, whether or not the plaintiff did or did not avail himself of the use of seat belts and the extent, if any, such fact had on the extent of his injury."

The only evidence offered on this point was testimony from both plaintiff and Donaldson that neither could recall whether there were seat belts in Donaldson's car. Thus, the trial court's refusal of this instruction may be considered proper simply on the basis of the rule that every instruction must be based on the evidence. (*Felton v. Coyle*, 95 Ill.App.2d 202, 238 N.E.2d 191.) The instruction was vague in any case, apparently going only to the mitigation of damages, but not using that terminology. Moreover, as noted by the trial court, there was no evidence before the jury on which it might have based a determination as to whether or to what extent the plaintiff's injuries would have been mitigated by the use of a seat belt. As this court said in *Hale v. Cravens*, 129 Ill.App.2d 466, 263 N.E.2d 593:

> "[A]n instruction as to the existence or nonexistence, use or nonuse of a seat belt would be proper with reference to damages only when the record establishes by competent evidence that the damages may have been mitigated if a seat belt had been in existence and used." 129 Ill.App.2d 466, 477, 263 N.E.2d 593, 598.

642

Thus, the trial court was correct in refusing to instruct on the use or nonuse of seat belts.

We affirm the judgment of the trial court.

Judgment affirmed.

TRAPP, P. J., and GREEN, J., concur.