Bobby Ray Clark and Warren H. Jordan, Plaintiffs-Appellants, v. William B. Fields, Defendant-Appellee.

Gen. No. 65–74.

Fifth District.

July 22, 1966.

Rehearing denied August 26, 1966.

GOLDENHERSH, P. J., dissenting.

Kassly, Weihl, Carr & Bone, of East St. Louis (Rex Carr, of counsel), for appellants.

Johnson, Ducey & Feder, of Belleville, for appellee.

EBERSPACHER, J.

This is an action brought against the bailee of an airplane by the bailors for the fair cash market value of the airplane which was destroyed in a fire which took place in the backyard of the bailee's home. The jury found for the defendant-bailee, from which judgment this appeal has been taken. There is no dispute as to the facts in this case. In August, 1962, the plaintiffs were the owners of a small airplane, a Tri-Pacer model. Federal regulations required that such airplanes be inspected annually by F. A. A. inspectors for safety purposes. The defendant, William B. Fields, was a licensed airplane power plant mechanic authorized to repair air-

planes. He advised them that the fabric on the plane could not pass the test and needed recovering. Since the cost of recovering the plane was more than plaintiffs could afford, the defendant offered the uses of his tools and equipment if they wished to do it themselves. They accepted his offer and the wings were removed and the airplane placed in defendant's basement. During the winter of 1962 and 1963, plaintiffs worked regularly in the defendant's basement using his tools and availing themselves of his advice. There was no agreement that the defendant was to be paid anything for the use of his basement or tools, other than the ultimate payment of a $70 inspection fee.

In the latter part of February, 1963, the plane was taken from the defendant's home to an auto body shop where it was painted and then returned to the defendant's home. At defendant's direction, the plane was placed in his backyard at a spot designated by him near a small ravine or gulley where he customarily burned his trash. His backyard was 70 to 80 feet wide and 40 to 60 feet deep. It was covered with ordinary grass and the plane was placed some 40 to 50 feet from the defendant's house and some 15 to 20 feet from the gulley where the trash was customarily burned. The plane was covered with a sheet of plastic which was furnished by defendant.

A ditch ran from the spot where the plane was placed to the area where the trash was burned. This ditch was filled with dry grass and the yard surrounding the plane was filled with dry grass.

A week or ten days later, on March 8, 1963, the defendant took some trash out into his backyard to burn. He did not have a trash container nor any other built-up area for the burning of trash. He dumped the trash in the gulley on the back of his lot, set it on fire, and before it had burned out, was called into his house by his wife to move a refrigerator. When he left, the trash

371

fire was still smouldering. The trash consisted of paper and other things that were inflammable. It was dumped and set on fire a distance of some 50 to 20 feet from the airplane.

A short time later the defendant's wife looked out the back window, saw that the airplane was on fire and called to her husband. When the defendant got out there, the grass running from the place where the trash was burned to the place where the airplane was located was on fire and still burning. The entire perimeter of the burned area, and surrounding the airplane was aflame. The trash that the defendant had dumped and burned was all over the side of the hill. The plane was totally destroyed except for the wings and stabilizer which were not attached to the plane.

Howard L. Gault, a dealer in planes, testified that the fair cash market value of the fuselage with the wings and stabilizer removed, was $4,700. The defendant placed the fair cash market value of the plane as between $4,500 and $5,500; the value of the unburned parts, if a ready buyer could be located, between $300 and $350; and the salvage value of the motor at $150. In the motion for judgment notwithstanding the verdict plaintiffs asked for damages in the amount of $4,500, which is an undisputed amount of damage.

 The rule relating to the burden of proof in gratuitous bailment cases is stated in Miles v. International Hotel Co., 289 Ill 320, 124 NE 599, as follows (327):

> "The weight of modern authority holds the rule to be that where the bailor has shown that the goods were received in good condition by the bailee and were not returned to the bailor on demand the bailor has made out a case of prima facie negligence against the bailee, and the bailee must show that the loss or damage was caused without his

fault. (Citing cases.) The effect of this rule is not to shift the burden of proof from plaintiff to the defendant but simply the burden of proceeding. The bailor must in all instances prove that the bailee was negligent, but when she shows that the goods which she intrusted to the bailee's care were not delivered upon demand she has made out a prima facie case or created a presumption of negligence which the bailee may overcome by offering evidence to show that it was not negligent, and if it produces such evidence, the bailor, in order to make out her case, must show that the bailee was, in fact, negligent and that its negligence caused the loss or contributed thereto. It was held in Sanborn v. Kimball, 106 Me 355, that the bailee has sufficiently exonerated himself from liability when he has shown that the cause of the loss was a mystery."

This rule was quoted and followed in Priester v. Judkins, 7 Ill App2d 414, 129 NE2d 583, which likewise is concerned with the liability of a bailee of an airplane, and his failure to satisfactorily explain his actions.

■ A gratuitous bailee is bound to take such care in the preservation of the property intrusted to him as every prudent man takes of his own goods of like character. Miles v. International Hotel Co., supra.

■ In the instant case, there is no dispute of facts as to who started the fire that eventually caused the loss of the aircraft. The cause of the loss is not a mystery. The defendant started a trash fire and then went back into the house while it was still burning or smouldering. The burden of proceeding as to issue of negligence shifts to bailee after bailor has shown that goods were received in good condition by bailee and not returned to bailor on demand. Sampson Co. v. Mandel Bros., Inc., 3 Ill App2d 92, 120 NE2d 571. The defendant has not introduced any evidence showing himself

free from negligence. In Hollingshead Motors Co. v. Crogan, 336 Ill App 423, 84 NE2d 440, plaintiff delivered a car to a garage to be stored. The garage had a fire and plaintiff's car was destroyed. The defendant introduced evidence tending to show that the damage to the automobile was caused without his fault. The court held that from all of the evidence a triable issue was presented which was properly submitted to the jury. In the instant case, defendant's evidence was only that of his fault, so no triable issue was presented.

In Oscar Heyman & Bros., Inc. v. Marshall Field & Co., 301 Ill App 340, 22 NE2d 776, it was held that where bailor makes out prima facie case of negligence against bailee by showing goods have not been returned on demand, bailee, before he is relieved of liability must show that loss, theft or destruction by fire was not the result of any negligence on his part. In the instant case, the defendant, William B. Fields, has not carried the burden of showing that he was not guilty of any negligence which contributed to the cause of the loss; instead his own testimony is evidence of his failure to exercise ordinary care.

While it is true, as stated so many times, that the reviewing court may not substitute its judgment for the judgment of the jury, yet the reviewing court has a duty to reverse where the verdict is so clearly against the manifest weight of the evidence. Turner v. Seyfert, 44 Ill App2d 281, 194 NE2d 529. The evidence clearly shows that defendant set fire to trash in an open gulley, filled with dry grass, which was only 15 or 20 feet from the airplane. Defendant then proceeded to return to his house, while the fire was still smouldering. This does not show ordinary care on the part of the defendant and does not rebut the prima facie case established by the plaintiffs.

The judgment of the Circuit Court of St. Clair County is reversed and the cause is remanded with directions to

enter judgment in favor of plaintiffs and against defendant for $4,500 and costs.

Reversed and remanded with directions.

MORAN, J., concurs.

GOLDENHERSH, P. J., dissenting.

I respectfully dissent from the majority opinion and would affirm the judgment. The effect of the majority holding is to find the defendant guilty of negligence as a matter of law, when, under the evidence in this record, the question of defendant's negligence was for the jury to determine.

I have no quarrel with the rule of Miles v. International Hotel Co., 289 Ill 320, 124 NE 599, upon which the majority relies. I refer the court to a second rule, also enunciated in Miles, that the bailee is required to exercise such care and diligence in the preservation of the property entrusted to him as a prudent man takes of his own property of like character.

The Supreme Court in Ney v. Yellow Cab Co., 2 Ill2d 74, 117 NE2d 74, at page 84, said: "Questions of negligence, due care and proximate cause are ordinarily questions of fact for a jury to decide. The right of trial by jury is recognized in the Magna Charta, our Declaration of Independence and both our State and Federal constitutions. It is a fundamental right in our democratic judicial system. Questions which are composed of such qualities sufficient to cause reasonable men to arrive at different results should never be determined as matters of law. The debatable quality of issues such as negligence and proximate cause, the fact that fair-minded men might reach different conclusions, emphasize the appropriateness and necessity of leaving such questions to a fact-finding body. The jury is the tribunal under our legal system to decide that type of issue. To

withdraw such questions from the jury is to usurp its function."

Applying the rule set forth in Ney, I cannot agree that the defendant was negligent as a matter of law. It was properly a jury question, and in the absence of error in rulings on evidence or instructing the jury, I would affirm the judgment of the Circuit Court.